NEW YORK FOREIGN TRADE ZONE OPERATORS, INC., Appellant, v. STATE LIQUOR AUTHORITY et al., Respondents.

Argued March 14, 1941; decided April 24, 1941.

*Samuel S. Allan* for appellant.

274

*Monroe I. Katcher, II,* and *Francis V. McHugh* for respondents.

DESMOND, J. Plaintiff is a domestic corporation engaged in operating Foreign Trade Zone No. 1 located on Staten Island, N. Y. The zone was established pursuant to the Foreign Trade Zone Act (48 U. S. Stat. 998; Public Law No. 397 of the Seventy-third Congress, June 18, 1934.) The act provides for the establishment, operation and maintenance of zones in ports of entry of the United States where foreign merchandise may be brought to be " stored, broken up, repacked, assembled, distributed, sorted, graded, cleaned, mixed with foreign or domestic merchandise, or otherwise manipulated," but not " manufactured or exhibited," without being subject to the customs laws of the United States. The purpose of the act is " to expedite and encourage foreign commerce." If the manipulated merchandise isthere after brought into other ports of entry in the United States a custom duty is imposed; if it is shipped to another country no duty is imposed. The zone on Staten Island was established upon an application by the city of New York, authorized by the State of New York (L. 1935, ch. 246).

The city of New York granted plaintiff the right to operate Zone No. 1.

As a part of its business of manipulating foreign merchandise in the trade zone, plaintiff adds pure water to foreign distilled spirits, reducing the alcoholic " proof " and increasing the volume. Plaintiff has been doing this without a distiller's license from the State Liquor Authority. By this action plaintiff seeks a declaratory judgment that it may continue to perform the above-described acts without obtaining such a license.

The complaint alleges that defendants, the State Liquor Authority and its members, have threatened to prevent plaintiff by injunction and otherwise from performing the above-described acts unless the plaintiff first obtains a distiller's license, and asks that the court declare whether the acts constitute " rectification " within the meaning of the laws of the State of New York as asserted by defendants, and declare whether defendants have any power, authority or jurisdiction over the acts performed or caused to be performed by plaintiff within Foreign Trade Zone No. 1.

The complaint has been dismissed at Special Term on the ground that it appears on the face thereof that it does not state facts sufficient to constitute a cause of action. Special Term said, " There is no basis in the law for any such action in this case," and, " There can be no declaratory judgment in this case because the law affords an adequate remedy to the plaintiff." (173 Misc. Rep. 540, 541.) The judgment has been affirmed by the Appellate Division with two of the justices dissenting.

The power to grant or deny a declaratory judgment rests in the discretion of the Supreme Court. (Civ. Prac. Act, § 473; Rules Civ. Prac. rule 212.) That power, however, is not unlimited (*Westchester Mortgage Co.* v. *Grand Rapids & Ionia R. R. Co.*, 246 N. Y. 194); nor are its bounds unmarked (*Dun & Bradstreet, Inc.*, v. *City of New York*, 276 N. Y. 198; *Reed* v. *Littleton*, 275 N. Y. 150). Further, if the court declines to pronounce a declaratory judgment, it must state the grounds upon which its discretion is so exercised (Rules Civ. Prac. rule 212); and if the ground stated is

untenable, the discretion has been improperly exercised. (*Dun & Bradstreet, Inc.,* v. *City of New York, supra.* Cf. *Newburger* v. *Lubell,* 257 N. Y. 383.)

We have here to consider: *First,* whether the Supreme Court has the power to render a declaratory judgment under the circumstances set forth in the complaint; *second,* if it has, was it justified in declining to consider the complaint on the ground that there are other reasonably adequate forms of action available to plaintiff.

The scope of the power vested by statute in the Supreme Court, " To declare rights and other legal relations on request," is not therein specifically defined. Implicit in the statute and the public policy which it expresses, however, are limitations upon the exercise of the power with respect to the nature of the controversy, and the character of the issues. (Civ. Prac. Act, § 473.)

The controversy must involve " rights and other legal relations." (*James* v. *Alderton Dock Yards,* 256 N. Y. 298, 305.) Power to render a declaratory judgment does not include the power to decide a moot case. (Borchard, Declaratory Judgments, pp. 57–61.) The remedy is available in cases " where a constitutional question is involved or the legality or meaning of a statute is in question and no question of fact is involved." (*Dun & Bradstreet, Inc.,* v. *City of New York, supra,* p. 206; *Bank of Yorktown* v. *Boland,* 280 N. Y. 673.) The remedy, however, is not available to restrain the enforcement of a criminal prosecution where the facts are in dispute, or open to different interpretations. (*Mills Novelty Co.* v. *Sunderman,* 266 N. Y. 32; *Reed* v. *Littleton, supra; Guide Escort Service, Inc.,* v. *Moss,* 260 App. Div. 920.)

There can be no doubt that the necessary jural relation exists between plaintiff and defendants. Enforcement of the State Alcoholic Beverage Control Law (Cons. Laws, ch. 3-B) and the power to issue licenses thereunder is vested in the State Liquor Authority. (L. 1934, ch. 478, art. 2.) One of the acts which the Authority may license is the operation of a rectifying plant. (Alcoholic Beverage Control Law, § 61, subd. 2.) By this action plaintiff seeks a determination

whether it must procure such a license in order to perform the acts described in the complaint. The necessity of a license may be the subject of an action for a declaratory judgment. (*Chung Mee Restaurant Co.* v. *Healy*, 86 N. H. 483; *Pratter* v. *Lascoff*, 261 N. Y. 509; *Reed* v. *Littleton, supra.*)

Defendants do not dispute the assertions that plaintiff merely adds pure water to foreign distilled spirits for the purpose of reducing the alcoholic " proof ". and increasing the volume, and that the foreign distilled spirits thus. manipulated by plaintiff are brought into the trade zone from abroad, and are treated by the Federal Government as foreign commerce which has not entered the United States, that is, the same as if it were still on the seas. Therefore, the only questions sought to be determined by this action are: (1) Does the act described in the complaint constitute rectification of alcohol or spirits within the meaning of the statute (Alcoholic Beverage Control Law, § 3, subd. 24, and § 61, subd. 2), and (2) has the State the constitutional power so to control and tax merchandise brought into the trade zone from abroad? These are questions of law (*Dun & Bradstreet, Inc.,* v. *City of New York, supra*), determination of which will " serve some practical end in quieting or stabilizing an uncertain or disputed jural relation," the general purpose of a declaratory judgment. (*James* v. *Alderton Dock Yards, supra,* p. 305.)

Defendants argue that a declaratory judgment in this case would interfere with the administration of the criminal law, and under the rule of *Reed* v. *Littleton* (*supra*) may not be granted. If either of the above questions were answered in the negative in this action, the determination would impede a subsequent action for an injunction under section 123 of the Alcoholic Beverage Control Law or a criminal prosecution under section 130 of that law. But would such a determination improperly interfere with criminal processes? We think not. The only questions involved are of law. A determination of these questions is necessary to enable plaintiff to continue a business author-

ized by the Federal government for the purpose of expediting and encouraging foreign commerce. To refuse to consider the questions in this action leaves unstable a jural relation, the facts of which are conceded, imposes upon the plaintiff an unnecessary hardship, and may affect foreign commerce. The situation here is distinguishable from the situations presented in Reed v. Littleton (supra), Guide Escort Service, Inc., v. Moss (supra) and International Mutoscope Reel Co. v. Valentine (271 N. Y. 622), for in those cases the facts were in dispute or open to different interpretations. The nature and purpose of the acts here sought to be tested are not disputed. Under such circumstances equity should not hesitate to define the rights of the parties. (Bank of Yorktown v. Boland, supra.)

The courts below have held that there are other remedies available to plaintiff by which its rights may be adequately protected. The remedies referred to are of a negative character. Plaintiff can bring no other action, but it can wait and defend an action by defendants or any taxpayer residing in the locality for an injunction, when and if such an action is brought. (Alcoholic Beverage Control Law, § 123.) Meanwhile, although the facts are not disputed, it runs the risk of a criminal prosecution. (Alcoholic Beverage Control Law, § 130.) Whether a defense ever may be considered another adequate remedy so as to warrant a denial of declaratory relief, the defense here said to be available to plaintiff certainly is not an adequate remedy. (Kalman v. Shubert, 270 N. Y. 375.)

This is a case where a declaratory judgment will quiet a disputed jural relation involving only questions of law, and where other forms of action are not reasonably adequate. Under the circumstances the complaint should not have been dismissed.

The judgments should be reversed and the matter remitted to the Special Term for further proceedings in accordance with this opinion, with costs in all courts to the appellant.

LOUGHRAN, FINCH and RIPPEY, JJ., concur; LEHMAN, Ch. J., LEWIS and CONWAY, JJ., dissent.

Judgments reversed, etc.