NEW YORK POST CORPORATION, Respondent, *v.* WILLIAM J. KELLEY et al., Constituting the New York State Labor Relations Board, Appellants.

NEW YORK WORLD-TELEGRAM CORPORATION, Respondent, *v.* WILLIAM J. KELLEY et al., Constituting the New York State Labor Relations Board, Appellants.

HEARST CONSOLIDATED PUBLICATIONS, INC., Respondent, *v.* WILLIAM J. KELLEY et al., Constituting the New York State Labor Relations Board, Appellants.

THE NEW YORK SUN, INC., Respondent, *v.* WILLIAM J. KELLEY et al., Constituting the New York State Labor Relations Board, Appellants.

Argued October 3, 1946; decided January 17, 1947.

*William E. Grady, Jr.,* and *Philip Feldblum* for appellants. I. The only question properly before the court is whether the board has jurisdiction to act, that is, to hold hearings and make findings on the conflicting claims being asserted by respondent and the unions in the representation proceedings pending before the board. (*Metropolitan Life Ins. Co.* v. *New York State*

*Labor Rel. Bd.*, 280 N. Y. 194; *Wardrop Co.* v. *Fairfield Gardens, Inc.*, 237 App. Div. 605; *Guardian Life Ins. Co.* v. *Graves*, 268 App. Div. 809, 294 N. Y. 953; *Great Atlantic & Pacific Tea Co.* v. *New York State Labor Rel. Bd.*, 176 Misc. 258, 261 App. Div. 900; *Matter of Wallach's, Inc.*, v. *New York State Labor Rel. Bd.*, 253 App. Div. 371, 277 N. Y. 345; *Cody* v. *New York State Labor Rel. Bd.*, 184 Misc. 150; *Hanley* v. *New York State Labor Rel. Bd.*, 177 Misc. 973; *Great Atlantic & Pacific Tea Co.* v. *Boland*, 176 Misc. 258, 261 App. Div. 900; *Richfield Oil Corp.* v. *City of Syracuse*, 287 N. Y. 234.) II. The board has jurisdiction to determine whether the newsboys are employees or independent merchants. (*Matter of Electrolux Corp.*, 286 N. Y. 390; *Matter of Morton*, 284 N. Y. 167; *National Labor Rel. Bd.* v. *Hearst Publications*, 322 U. S. 111; *Matter of Mounting & Finishing Co.* v. *McGoldrick*, 294 N. Y. 104; *Red Hook Cold Storage Co.* v. *Department of Labor*, 295 N. Y. 1; *Matter of Columbia University* v. *Herzog*, 181 Misc. 903, 269 App. Div. 24, 295 N. Y. 605.) III. The board has jurisdiction to determine whether there is a dispute as to representation between unions affiliated with the same parent organization. (*Gulf Oil Corp.* v. *Smallman*, 270 App. Div. 129; *Sachs Quality Furniture* v. *Hensley*, 269 App. Div. 264; *Great Atlantic & Pacific Tea Co.* v. *Boland*, 176 Misc. 258.) IV. *People* v. *Masiello* (177 Misc. 608) below, is neither *res judicata* nor a controlling precedent. It does not preclude the Board from holding hearings. (*Walker Memorial Baptist Church* v. *Saunders*, 285 N. Y. 462; *Boston & Maine Railroad* v. *Delaware & Hudson Co.*, 268 N. Y. 382; *Myers* v. *Bethlehem Corp.*, 303 U. S. 41; *Holland Laundry, Inc.*, v. *Simon*, 264 App. Div. 860; *Rudd* v. *Cornell*, 171 N. Y. 114; *Allen Bradley Co.* v. *Union*, 325 U. S. 797; *Bakery Drivers Local* v. *Wohl*, 315 U. S. 769; *Bernstein* v. *Madison Baking Co.*, 266 App. Div. 839, 291 N. Y. 827; *People* v. *Gassman*, 182 Misc. 878, 268 App. Div. 377, 295 N. Y. 254.)

*Edward S. Greenbaum, Benjamin Kaplan* and *Harold H. Stern* for New York Post Corporation, respondent. I. The jurisdiction of the court to entertain this action for declaratory judgment undoubtedly exists and the complaint undoubtedly states a cause of action. (*Dun & Bradstreet, Inc.*, v. *City of New York*, 168 Misc. 215, 276 N. Y. 198; *Bank of Yorktown* v.

*Boland*, 280 N. Y. 673, 284 N. Y. 749; *New York Operators* v. *State Liquor Authority*, 285 N. Y. 272; *Richfield Oil Corp.* v. *City of Syracuse*, 287 N. Y. 234; *Rockland Light & Power Co.* v. *City of New York*, 289 N. Y. 45; *Aerated Products Co.* v. *Godfrey*, 290 N. Y. 92; *Allegheny Ludlum Steel Corp.* v. *Kelley*, 184 Misc. 47, 269 App. Div. 805, 295 N. Y. 607; *Andersen* v. *City of New York*, 295 N. Y. 782; *Booth* v. *City of New York*, 268 App. Div. 502, 296 N. Y. 573; *All American Bus Lines* v. *City of New York*, 268 App. Div. 508, 296 N. Y. 571; *White* v. *Boland*, 254 App. Div. 356; *Kirn* v. *Noyes*, 262 App. Div. 581; *Rubel Corp.* v. *Boland*, 177 Misc. 638; *People* v. *O'Brien*, 209 N. Y. 366; *Lipkind* v. *Ward*, 256 App. Div. 74.) II. The Supreme Court rightly exercised its "undoubted" jurisdiction in entertaining the present action. (*Rubel Corp.* v. *Boland*, 177 Misc. 638; *Bank of Yorktown* v. *Boland*, 280 N. Y. 673; *Metropolitan Life Ins. Co.* v. *Labor Relations Board*, 280 N. Y. 194; *Allegheny Ludlum Steel Corp.* v. *Kelley*, 184 Misc. 47, 269 App. Div. 805, 295 N. Y. 607; *Great Atlantic & Pacific Tea Co.* v. *Boland*, 176 Misc. 258, 261 App. Div. 900; *Hanley* v. *Boland*, 177 Misc. 973; *Cody* v. *Kelley*, 184 Misc. 150; *Dun & Bradstreet, Inc.*, v. *City of New York*, 276 N. Y. 198; *Andersen* v. *City of New York*, 295 N. Y. 782; *Pagano, Inc.*, v. *City of New York*, 295 N. Y. 784; *Aerated Products Co.* v. *Godfrey*, 290 N. Y. 92.) III. Any discretion involved was properly exercised by the Supreme Court herein. But even if an element of discretion still exists, no sound reason is advanced why the courts' action below should be disturbed. (*Woollard* v. *Schaffer Stores Co.*, 272 N. Y. 304; *Kalman* v. *Shubert*, 270 N. Y. 375.) IV. The motion for summary judgment in favor of the board was properly denied. (*Matter of Houston Chronicle Pub. Co.*, 28 N. L. R. B. 1043; *Columbia River Co.* v. *Hinton*, 315 U. S. 143; *National Labor Rel. Bd.* v. *Jones & Laughlin Steel Corp.*, 301 U. S. 1.)

*Charles B. Brophy* for New York World-Telegram Corporation, respondent. I. Special Term correctly held that the complaint states facts sufficient to constitute a cause of action for declaratory judgment. (*Public National Bank* v. *National City Bank*, 261 N. Y. 316; *Nelson* v. *Hirsch*, 264 N. Y. 316; *Los Angeles Investment Securities Corp.* v. *Joslyn*, 282 N. Y. 438;

*Braunworth* v. *Braunworth*, 285 N. Y. 151.) II. Defendants' motion for judgment on the pleadings was properly denied. (*Pletman* v. *Goldsoll*, 264 App. Div. 393; *Gardner* v. *Shepard Niles Crane & Hoist Corp.*, 268 App. Div. 561; *American Fire Prevention Bureau, Inc.*, v. *Rockwood Sprinkler Co.*, 244 App. Div. 423; *Equitable Life Assurance Society of United States* v. *Volk*, 256 App. Div. 348; *Dun & Bradstreet, Inc.*, v. *City of New York*, 276 N. Y. 198; *Warshawsky* v. *Ward*, 233 App. Div. 390; *Schechner* v. *Holmes Electric Protective Co.*, 254 App. Div. 483; *Seabald* v. *Gross*, 162 Misc. 242.) III. An action for a declaratory judgment will lie to test the jurisdiction of the board to act. (*Bank of Yorktown* v. *Boland*, 280 N. Y. 673; *Allegheny Ludlum Steel Corp.* v. *Kelley*, 184 Misc. 47, 269 App. Div. 805, 295 N. Y. 607; *Metropolitan Life Insurance Co.* v. *New York State Labor Rel. Bd.*, 280 N. Y. 194; *Dun & Bradstreet, Inc.*, v. *City of New York*, 276 N. Y. 198; *Matter of Columbia University* v. *Herzog*, 269 App. Div. 24, 295 N. Y. 605; *McBride's Theatre Ticket Offices* v. *Moss*, 183 Misc. 14; *Acorn Employment Service, Inc.*, v. *Moss*, 292 N. Y. 147; *Rockland Light & Power Co.* v. *City of New York*, 289 N. Y. 45.) IV. As there are issues of fact raised by the pleadings, defendants' motion for summary judgment under rule 113 of the Rules of Civil Practice was properly denied. (*Peoples National Bank & Trust Co.* v. *County of Westchester*, 261 N. Y. 342; *Brawer* v. *Mendelson Bros. Factors, Inc.*, 262 N. Y. 53; *Piedmont Hotel Co.* v. *Nettleton Co.*, 263 N. Y. 25; *Miorin* v. *Miorin*, 257 App. Div. 556; *Neubeck* v. *McDonald*, 128 Misc. 768; *Baumann* v. *Baumann*, 222 App. Div. 460; *McBride's Theatre Ticket Offices* v. *Moss*, 183 Misc. 14; *Rockland Light & Power Co.* v. *City of New York*, 289 N. Y. 45.)

*John B. Siefken* and *Thomas A. Brennan* for Hearst' Consolidated Publications, Inc., respondent. I. Plaintiff's action for a declaratory judgment will lie. Its purpose is to challenge the jurisdiction of appellants to act at all. (*Matter of Columbia University* v. *Herzog*, 269 App. Div. 24, 295 N. Y. 605; *People* v. *Gassman*, 295 N. Y. 254; *Shannahan* v. *Empire Engineering Corp.*, 204 N. Y. 543; *Cooper-Snell Co.* v. *State of New York*, 230 N. Y. 249; *Matter of Sherrill* v. *O'Brien*, 188 N. Y. 185; *City of New York* v. *Maltbie*, 274 N. Y. 90.) II. An action for

a declaratory judgment will lie where issues of fact must be determined. (*Loesch* v. *Manhattan Life Ins. Co.*, 128 Misc. 232, 220 App. Div. 828; *Town Board of Greece* v. *Murray*, 130 Misc. 55; *Chase National Bank* v. *Raleigh Estates, Inc.*, 266 App. Div. 864; *Morecroft* v. *Taylor*, 225 App. Div. 562; *Aetna Life Ins. Co.* v. *Haworth*, 300 U. S. 227, 300 U. S. 687; *Rockland Light & Power Co.* v. *City of New York*, 289 N. Y. 45.) III. A justiciable controversy exists. (*Zone Oil Trucking Corp.* v. *New York State Labor Rel. Bd.*, 27 N. Y. S. 2d 61; *Post* v. *Metropolitan Casualty Ins. Co.*, 227 App. Div. 156, 254 N. Y. 541; *Guardian Life Ins. Co.* v. *Graves*, 268 App. Div. 809, 294 N. Y. 953; *Rubel Corp.* v. *Boland*, 177 Misc. 638; *Bank of Yorktown* v. *Boland*, 280 N. Y. 673.) IV. Respondent is not required to adopt the provisions of section 707 of the Labor Law. (*151–163 West 26 St.* v. *Brosnan, Inc.*, 183 Misc. 804; *Dun & Bradstreet, Inc.*, v. *City of New York*, 276 N. Y. 198; *Woollard* v. *Schaffer Stores Co.*, 272 N. Y. 304; *Kirn* v. *Noyes*, 262 App. Div. 581; *Booth* v. *City of New York*, 268 App. Div. 502, 296 N. Y. 573; *Delaware, L. & W. R. R. Co.* v. *Slocum*, 269 App. Div. 467; *Socony-Vacuum Oil Co., Inc.*, v. *City of New York*, 247 App. Div. 163; *Rubel Corp.* v. *Boland*, 177 Misc. 638; *Bank of Yorktown* v. *Boland*, 280 N. Y. 673.) V. *People* v. *Masiello* (177 Misc. 608) determined that licensed New York City newsdealers are not employees. The court may consider that decision. (*Matter of New York State Labor Rel. Bd.* v. *Holland Laundry*, 294 N. Y. 480; *Moore* v. *City of Albany*, 98 N. Y. 396; *Bridenbaker* v. *Kissell*, 131 Misc. 534, 226 App. Div. 850; *Realty Revenue Corp.* v. *Wilson*, 182 Misc. 552; *People* v. *Gassman*, 182 Misc. 878, 268 App. Div. 377, 295 N. Y. 254.) VI. The trial court has jurisdiction of this action which is a proper one for the exercise of judicial discretion. (*Woollard* v. *Schaffer Stores Co.*, 272 N. Y. 304; *James* v. *Alderton Dock Yards*, 256 N. Y. 298; *Neubeck* v. *McDonald*, 128 Misc. 768; *Baumann* v. *Baumann*, 222 App. Div. 460; *Sterling Bag Co., Inc.*, v. *City of New York*, 168 Misc. 179, 256 App. Div. 645, 281 N. Y. 269.)

*Harry H. Van Aken* and *William R. Lonergan* for The New York Sun, Inc., respondent. I. Special Term correctly held that the complaint states facts sufficient to constitute a cause

of action for declaratory judgment. (*Bank of Yorktown* v. *Boland,* 280 N. Y. 673; *Allegheny Ludlum Steel Corp.* v. *Kelley,* 184 Misc. 47, 269 App. Div. 805, 295 N. Y. 607; *Rubel Corporation* v. *Boland,* 177 Misc. 638; *Dun & Bradstreet, Inc.,* v. *City of New York,* 276 N. Y. 198; *Dun & Bradstreet, Inc.,* v. *City of New York,* 168 Misc. 215; *Booth* v. *City of New York,* 268 App. Div. 502, 296 N. Y. 573; *All American Bus Lines* v. *City of New York,* 268 App. Div. 508, 296 N. Y. 571; *Matter of Columbia University* v. *Herzog,* 269 App. Div. 24, 295 N. Y. 605; *McBride's Theatre Ticket Offices* v. *Moss,* 183 Misc. 14; *New York Operators* v. *State Liquor Authority,* 285 N. Y. 272.) II. Since the complaint states facts sufficient to constitute a cause of action and the answer of the defendants contains denials of material facts alleged in the complaint, Special Term properly denied defendants' motion for judgment on the pleadings, under section 476 of the Civil Practice Act and rule 112 of the Rules of Civil Practice. (*Warshawsky* v. *Ward,* 233 App. Div. 390; *Hirsh* v. *Central Hanover Bank & Trust Co.,* 251 App. Div. 24; *Schechner* v. *Holmes Electric Protective Co.,* 254 App. Div. 483; *Kidder* v. *Hesselman,* 119 Misc. 410.) III. Since there are issues of fact raised by the pleadings, the court at Special Term correctly held that the defendants' motion for summary judgment under rule 113 of the Rules of Civil Practice must also be denied. (*Peoples National Bank & Trust Co.* v. *County of Westchester,* 261 N. Y. 342; *Brawer* v. *Mendelson Bros. Factors, Inc.,* 262 N. Y. 53; *Piedmont Hotel Co.* v. *Nettleton Co.,* 263 N. Y. 25; *Miorin* v. *Miorin,* 257 App. Div. 556; *Dun & Bradstreet, Inc.,* v. *City of New York,* 168 Misc. 215; *Rockland Light & Power Co.* v. *City of New York,* 289 N. Y. 45; *Chase National Bank* v. *Raleigh Estates, Inc.,* 266 App. Div. 864; *Aetna Life Ins. Co.* v. *Haworth,* 300 U. S. 227; *Neubeck* v. *McDonald,* 128 Misc. 768; *Baumann* v. *Baumann,* 222 App. Div. 460.)

CONWAY, J. In the first above-entitled action, plaintiff, a newspaper publisher, seeks a declaratory judgment that the provisions of the New York State Labor Relations Act, hereinafter referred to as N. Y. S. L. R. Act, do not apply to it; that certain newsdealers, licensed by the City of New York, are not its employees; that two organizations, viz.: '' Newsdealers Fed-

eral Labor Union, Local 22,371 '' and '' New York Newsboys Union, Local 471 '', each of which claims to be the representative of and to be entitled to be designated as the bargaining agent of the licensed newsdealers, are affiliated with the same parent organization, the American Federation of Labor; that, since there is such controversy between those locals of the same parent body and since the newsdealers are not its employees, the New York State Labor Relations Board, hereinafter referred to as the Board, has no jurisdiction to make any investigation or to certify a collective bargaining representative.

The complaint alleges in brief that the plaintiff is the publisher of the daily newspaper known as the *New York Post;* that the Board has been organized and is existing pursuant to the provisions of section 702 of the Labor Law of our State; that there are upwards of one thousand persons engaged in business in the city of New York as dealers in newspapers, magazines and other articles of merchandise who conduct their businesses on city property pursuant to licenses issued by the Department of Licenses of the City of New York; that those newsdealers are independent retail merchants, many of whom purchase copies of plaintiff's newspapers from plaintiff and resell them to the public at a profit; that none of said licensed dealers receives any wages or salary from the plaintiff and that all of them are free to, and do, fix their own hours of labor and are free to determine what newspapers, magazines or other articles of merchandise they wish to sell, without any restriction by the plaintiff; that the dealers conduct their businesses as independent retail merchants, subject only to such restrictions as may be imposed upon them by the city; that none of such dealers is an employee of the plaintiff.

The complaint then alleges that, in an action instituted by the People of the State of New York through the Attorney-General in 1941 against Joseph Masiello, individually and as president of Newsdealers Federal Labor Union, Local No. 22,371, et al., as defendants, pursuant to article 22 of the General Business Law, an injunction was issued by the Supreme Court of the State of New York enjoining the defendants therein named from picketing the places of business of newsdealers engaged in selling the plaintiff's newspaper and certain other newspapers published in the city of New York, from coercing the

newsdealers to refrain from purchasing such newspapers, from distributing circulars representing that the defendants were engaged in a labor dispute, and from otherwise combining and acting in concert to impair, prevent and destroy free competition in the sale and distribution of said newspapers. The complaint then further alleges that the temporary injunction prayed for was granted and that it was then determined that none of the said licensed newsdealers was an employee of the plaintiff herein or of the other newspapers, that the licensed newsdealers were retail merchants, that the controversy between the plaintiff and the other newspapers on the one hand and the licensed newsdealers on the other was one between vendors and vendees, involving no employer-employee relationship and that there was no " labor dispute " within the meaning of section 876-a of the Civil Practice Act (*People* v. *Masiello,* 177 Misc. 608).

It then alleges that there were certain proceedings had before the National Labor Relations Board, Second Region, hereinafter referred to as the National Board, by " New York Newsboys Union, Local 471 ", in which it was claimed among other things that the plaintiff had refused to recognize that local as the exclusive bargaining agent of certain licensed newsdealers; that thereafter the petition in that proceeding was withdrawn without prejudice following an informal conference at the office of the National Board at which representatives of plaintiff, other newspapers, and Local 471 were present; that thereafter a petition was filed with the State Board by Local 471 requesting that it be certified as the representative of certain licensed newsboys and newsdealers for the purpose of collective bargaining pursuant to the provisions of section 705 of the N. Y. S. L. R. Act; that thereafter pursuant to request of the Board plaintiff attended at an informal conference together with representatives of Local 471; that the attention of the Board was called to the decision in *People* v. *Masiello* (*supra*) and the fact that it had there been held that the licensed newsdealers were independent merchants and not employees of the plaintiff, but that the Board decided to entertain an amended petition of Local 471 wherein it was alleged that the aforementioned licensed newsdealers were employees of plaintiff, that there were approximately fourteen hundred of them, and that a question or con-

troversy had arisen concerning the representation of employees in an alleged bargaining unit referred to therein; that the plaintiff, designated therein as " the employer ", had refused to recognize Local 471 as the exclusive bargaining agent of said licensed newsdealers and had refused to bargain collectively with the local union; that thereafter the Board served upon the plaintiff a notice of hearing pursuant to section 705, subdivision 3, of the N. Y. S. L. R. Act and the hearing was finally set down for a particular day; that Newsdealers Federal Labor Union, Local 22,371 (the local involved in *People* v. *Masiello, supra*) has intervened in the proceeding before the Board and claims that it is the representative of and should be designated as the bargaining agent of the licensed newsdealers above mentioned; that both local unions are affiliated with the same parent labor organization, namely the American Federation of Labor; that if said licensed newsdealers are held to be employees of the plaintiff so that they fall within the purview of the statute, constitutional rights of the plaintiff will be affected under both the New York State and United States Constitutions.

The complaints in the other three actions are substantially the same.

The Board answered in each action and then moved under section 476 of the Civil Practice Act and rule 112 of the Rules of Civil Practice for orders granting judgment that the Board had jurisdiction or dismissing the complaints on the ground that upon the face of the pleadings the defendants were entitled to the relief requested in their answers and upon the further ground that the complaints did not state facts sufficient to constitute causes of action. The relief asked for in the answers was that judgment be made and entered adjudging and decreeing that the complaints be dismissed or in the alternative that defendants have judgment against the plaintiffs. The defendants further moved under rule 113 of the Rules of Civil Practice for orders dismissing the complaints on the ground that the actions had no merit. The motions were denied at Special Term and, upon affirmance, the Appellate Division certified certain questions of law for review by us.

We think the complaints state facts sufficient to constitute causes of action for declaratory judgments. Jurisdiction over such actions has been confided to the Supreme Court, which is

our highest court of general and original jurisdiction, and the field in which such actions may be brought is very broad. (Civ. Prac. Act, § 473; Rules of Civil Practice, rule 212; *Bank of Yorktown* v. *Boland,* 280 N. Y. 673; *New York Operators* v. *State Liquor Authority,* 285 N. Y. 272; *Acorn Employment Service, Inc.,* v. *Moss,* 292 N. Y. 147; *Rockland Light & Power Co.* v. *City of New York,* 289 N. Y. 45; *Dun & Bradstreet, Inc.,* v. *City of New York,* 276 N. Y. 198; *All American Bus Lines, Inc.,* v. *City of New York,* 296 N. Y. 571; *Booth* v. *City of New York,* 296 N. Y. 573; *Stampers Arrival of Buyers, Inc.,* v. *City of New York,* 296 N. Y. 574; *Saltser & Weinsier, Inc.,* v. *McGoldrick,* 295 N. Y. 499; *Quaker Oats Co.* v. *City of New York,* 295 N. Y. 527, 533.) There was no disagreement below as to the fact that the complaints stated causes of action. The dissenting Justice in the Appellate Division conceded that, but was of opinion that the discretion exercisable by the Supreme Court should have been exercised in favor of the Board. Where no mandatory statute is applicable, the Supreme Court determines its own practice. (Judiciary Law, § 82.) Rule 212 of the Rules of Civil Practice reads as follows: " Rule 212. *Jurisdiction discretionary.* If, in the opinion of the court, the parties should be left to relief by existing forms of actions, or for other reasons, it may decline to pronounce a declaratory judgment, stating the grounds on which its discretion is so exercised." This court is one of review, and we may not reverse the orders because of the exercise of the discretion committed to the Supreme Court through legislative provision unless we may say that there was an abuse of discretion as a matter of law. For an administrative agency which answered without making any request to the Supreme Court under rule 212 to decline to take jurisdiction and then boldly moved for judgment on the pleadings and under rule 113, there is hardly room for the argument that the exercise of discretion to pass upon the motions so made and then to deny them was error as a matter of law. The following, from *Rockland Light & Power Co.* v. *City of New York* (LEHMAN, Ch. J.), *supra,* p. 50, is apposite here: " The sufficiency of the complaint has been sustained as a pleading. The order accomplishes nothing more. The order must be affirmed, regardless of the merits of the controversy or the scope of the plaintiff's rights, if we conclude that the complaint in an action for declaratory judgment

should not be dismissed as ' matter of law ' where the facts alleged show the existence of a controversy concerning ' rights and legal relations ' and where it appears that the discretionary and extraordinary powers of the court have been invoked for a sufficient reason.''

Upon the controverted facts presented on those portions of the motions which were brought under the Rules of Civil Practice, rule 113, there can be proper determinations only after trial.

In each of the above-entitled actions the order should be affirmed, with costs, and the questions certified answered in the negative.

DESMOND, J. (dissenting). The plaintiffs are newspaper publishers in New York City.

Local 471 of the Newsboys Union filed with appellant State Labor Relations Board a petition under section 705 of the Labor Law, alleging therein that plaintiffs had refused to recognize petitioner as the exclusive bargaining agent of certain newsboys and newsdealers. The union demanded that it be certified by the Board as such exclusive agent. Following its usual practice, the Board thereupon held, at its office, a preliminary conference to which plaintiffs were invited and at which their representatives attended. At that conference (a sort of '' pre-trial '' meeting) plaintiffs' representatives stated to the Board that the newsboys or newsdealers, whose chosen agent Local 471 claimed to be, were not employees of any of the plaintiffs, but were independent merchants. This the union denied. The Board took no testimony and made no determination of any kind but gave notice of a formal public hearing (see Labor Law, § 705, subd. 3). Meanwhile another union (Local 22,371 of the Newsdealers Federal Labor Union) intervened in the proceeding pending before the Board, insisting that it, and not Local 471 of the other union, was the chosen bargaining agent of the newsboys or newsdealers. This entrance into the proceedings, of Local 22,371, was the occasion for plaintiffs asserting another objection to the Board's taking jurisdiction. Plaintiffs told the Board that the rival locals were both affiliates of the American Federation of Labor (controversies between such associated unions are removed from the Board's jurisdiction by subdi-

vision 3 of section 705 of the Labor Law). Plaintiffs then requested the Board to adjourn the proposed public hearing until plaintiffs should have an opportunity to bring actions for declaratory judgments in the Supreme Court. The Board did not order the adjournment and the present suits were brought. In their complaints, plaintiffs again take the position that the newsdealers or newsboys are no employees of theirs but are engaged in business for themselves. On that ground, and because, as plaintiffs say, the contending unions are of the same parentage, plaintiffs in these actions pray for judgments declaring that the Board has no jurisdiction in the premises, and enjoining the Board from doing anything further in the matter. (The Board, while taking the position that it has power at least to go ahead and investigate the facts as to employer-employee relationship and as to the affiliations of the local unions, has not taken any further steps in the case before it.)

The Board served answers in these declaratory judgment suits. It denied any knowledge or information sufficient to form a belief as to the truth of the assertions made by plaintiffs that the union members are entrepreneurs, not employees, and that the two unions are both included in the American Federation of Labor. Both these questions, alleged the Board in separate defenses, are "for the Board alone to determine in the first instance." Elsewhere in the answers the Board pointed out that it has taken no testimony and made no determination in the pending Board proceeding, that plaintiffs are not aggrieved at this time, that they have not exhausted the administrative remedies given by the Labor Law and that there is no justiciable controversy between plaintiffs and the Board. The Board prayed for a dismissal of the complaint or for judgments in its favor against plaintiffs.

After service of the pleadings, defendant Board moved in each of the four above-entitled actions, for judgment on the pleadings, and for summary judgment. All motions were denied by the courts below. (For reasons to be stated at the end of this opinion, we will deal herein with the motions for judgments on the pleadings only.)

Stated in simplest terms, the position of plaintiffs is that they are entitled to maintain these actions because, as they con-

tend, the Board is attempting to act without jurisdiction — that the Labor Relations Act itself forbids the Board to act because the newsdealers or newsboys are not '' employees '' at all, and because the two locals are sister unions. Put in equally simple terms, the Board's stand is this: it says that, whatever the facts may turn out to be as to employer-employee relationship or as to common parentage of the two unions, those are the very questions which the statute requires the Board itself to decide. So far the Board has not decided them. Jurisdiction to hear and pass on those questions has been expressly given to it by the Legislature, says the Board. The courts, it says, should not oust the Board of that jurisdiction, or pre-empt the place assigned to the Board by statute.

Plaintiffs cite many precedents for the propriety of the use of a declaratory judgment suit to stay the hand of an administrative body when it attempts to act without jurisdiction. But those are all cases '' where a constitutional question is involved or the legality or meaning of a statute is in question and no question of fact is involved.'' (*New York Operators* v. *State Liquor Authority,* 285 N. Y. 272, 276, citing *Dun & Bradstreet, Inc.,* v. *City of New York,* 276 N. Y. 198, 206). Typical are the tax and licensing cases, such as *New York Operators* v. *State Liquor Authority* (*supra*) ; *Dun & Bradstreet, Inc.,* v. *City of New York, supra; Aerated Products Co.* v. *Godfrey* (263 App. Div. 685, revd. on other grounds, 290 N. Y. 92) ; and *Booth* v. *City of New York* (296 N. Y. 573.) In such situations where it is not the *facts* which are in dispute but the meaning or legality of the statute under which the administrative body is purporting to deal with the citizen, then the courts, doing the traditional work of courts, will entertain declaratory judgment suits to pass on the question of *law* as to the statute's meaning or validity. Appellant Board was itself held subject to that kind of judicial control in *Bank of Yorktown* v. *Boland* (280 N. Y. 673) and *Allegheny Ludlum Steel Corp.* v. *Kelley* (295 N. Y. 607). But in the *Yorktown* and *Allegheny* cases the courts did not take over, as they are asked to do in the present cases, the arbitrament of *factual* questions which the Legislature has seen fit to submit to the Labor Relations Board. Of course, the presence of issues of fact does not in itself require the dismissal of a suit for declaratory judgment (see rule 213 of the

Rules of Civil Practice; *Rockland Light & Power Co.* v. *City of New York*, 289 N. Y. 45, 52). But where those questions of fact are cognizable by a tribunal other than the court and there is no compelling reason for ousting that tribunal of jurisdiction, then there is neither need nor right of resort to the declaratory judgment action.

Whether or not the administrative process is " our generation's answer to the inadequacy of the judicial and the legislative processes " (Landis on The Administrative Process, p. 46), the use thereof by our State Legislature, as an instrument of public control, is firmly established. No constitutional or other impediment stands in the way of the lawmakers when they use such processes to effectuate public policies declared by them. Nothing in the fundamental law prevents the Legislature from " leaving to selected instrumentalities  *  *  *  the determination of facts to which the policy as declared by the legislature is to apply " (Chief Justice HUGHES in the *Schechter* case, 295 U. S. 495, 530). In 1937, with the passage of a Labor Relations Act, New York entered into a wholly new State activity: the investigation and punishment of " unfair labor practices ", including the enforcement of the right of employees to collective bargaining through selected agents. Involved in that new State activity was the certification of such bargaining agents, by the Labor Relations Board. (No one, up to now, has ever suggested that any tribunal other than the Board has this power and duty, so I do not see what turns on the omission of the unnecessary word " exclusive " from sections 705 and 706 of the Labor Law). In making such certifications the Board must, if a dispute arises, decide which one (if any), of competitor unions has in fact been selected by a group of employees as their bargainer. In plainest language the Legislature, in section 705 of the Labor Law, directed the Board to settle such contests by holding elections, or by other appropriate methods. Of course, this was all quite new. Just as this State had long ago changed the status of party nominating conventions as " private fights ", and brought them under strict regulation by public bodies, so, for sufficient reasons, this State, by enacting the Labor Relations Law, took upon itself the task of presiding over the selection of bargaining agents and of certifying the results thereof. In so doing, the Labor Relations Board is no one's antagonist

or champion. It is an umpire, keeping and announcing the score. Since the Board's function in certification proceedings is merely that of presiding over a contest in which it takes no position, the State Labor Relations Act, like its Federal prototype, provides no court review of such certification (see *Matter of Wallach's, Inc.*, v. *Boland*, 277 N. Y. 345; *American Federation of Labor* v. *National Labor Relations Board*, 308 U. S. 401; also *Switchmen's Union* v. *National Mediation Board*, 320 U. S. 297). To the argument that the lack of such a direct judicial review of a certification may lead to hardships and to industrial conflict, the answer is that given by the dissenting justice in the Appellate Division in the present case: that such a criticism of the Act should be addressed to the Legislature, not to the courts (see, likewise, Justice STONE in *American Federation of Labor* v. *National Labor Relations Board, supra*, 308 U. S. 401).

Of course, the Board certifies bargaining agents for "employees" only. When there is a preliminary dispute as to whether those who seek certification are or are not employees of the putative employer, who is to decide that question? Who decides the same question when in a hearing on a workmen's compensation or unemployment insurance claim, issue is joined as to whether or not the claimant is or was in fact an employee? Is it conceivable that all or any of thousands of hearings held before workmen's compensation or unemployment insurance referees would be held up so that an alleged employer might take to the Supreme Court, in a declaratory judgment suit, his assertion that the claimant was no employee of his? Those questions answer themselves. The Legislature, in delegating to its creatures, the administrative tribunals, the trial of certain claims or petitions by "employees", empowered those tribunals to decide simple questions of fact as to who are "employees." In acting under such grants of power, the boards usurp no constitutional or traditional office of the courts. Any questions of law are still for the courts. As Justice BRANDEIS wrote in 1936: "The supremacy of law demands that there shall be opportunity to have some court decide whether an erroneous rule of law was applied; and whether the proceeding in which facts were adjudicated was conducted regularly" (concurring opinion in *St. Joseph Stock Yards Co.* v. *United States*, 298 U. S. 38, 84). That requirement, however, does not

mean that every single determination of a fact-finding agency must, for validity, be subject to an immediate court review. Much less does it mean that a party who asserts that the facts of his case remove it from the Board's jurisdiction may insist that the determination and announcement of those facts be made *in the first instance* by a court, rather than by the Board authorized by the Legislature to make that very ruling. Indeed, in the present case no necessity appears, at least presently, for such a resort to the courts. If it be the incontestable fact, as plaintiffs tell us it is, that the members of these local unions were never employed by plaintiffs, what basis is there for a fear that the Board will, for some unaccountable reason, hold the other way? Even if the Board should so hold, against all the evidence, plaintiffs will not thereby be put in jeopardy. Any certification of one or the other union will be an interlocutory determination only (see *Matter of Wallach's, Inc.,* v. *Boland, supra*) with no immediate impact on plaintiffs. Such a certification will settle the rivalry between the locals but it will not order plaintiffs to do, or to refrain from doing, anything. If, thereafter the Board, in a later proceeding (see § 706) should go further and make an order finding plaintiffs guilty of unfair labor practices for refusal to bargain with the certified union, then, under the statute (Labor Law, § 707, subd. 4), plaintiffs may appeal to the courts (see 5 Benjamin on Administrative Adjudication, pp. 161, 162). That is the point in the proceeding at which, as the Legislature plainly intended, the aggrieved employer (or alleged employer) will have, if he needs it, his day in a court of law. Taking that plainly marked path did not unduly prejudice the employer in, for instance, *Matter of Columbia University* v. *Herzog* (295 N. Y. 605).

" There should be mentioned, finally, the doctrine that in various circumstances a party must exhaust available administrative remedies before resorting to the courts, and the related doctrine that in various circumstances a statutory provision for one method of judicial review will exclude resort to other judicial proceedings " (1 Benjamin on Administrative Adjudication, pp. 365–366, and cases cited in footnotes 17 and 18).

The language of section 473 of the Civil Practice Act, which sets up declaratory judgment procedures in the State, is broad and comprehensive. But, while " no limitation has been placed

or attempted to be placed upon its use " (*James* v. *Alderton Dock Yards,* 256 N. Y. 298, 305) the power to grant declaratory judgments " is not unlimited * * * nor are its bounds unmarked " (*New York Operators* v. *State Liquor Authority, supra,* 285 N. Y. at p. 275). " Implicit in the statute and the public policy which it expresses " are " limitations upon the exercise of the power with respect to the nature of the controversy " (*New York Operators* case, *supra,* 285 N. Y. at p. 276). As Justice McLAUGHLIN observed at Special Term in the *New York Operators* case (see 173 Misc. 540, 541): " If, every time a party felt so disposed, he could come into this court and have his relations with the law-enforcing authorities passed upon, then the Supreme Court would be, in effect, running the executive and administrative departments of government as well as usurping the powers of all the law-enforcing agencies " (see, also, *Long Island Lighting Co.* v. *Maltbie,* 262 App. Div. 376, 378, affd. 287 N. Y. 691). That is strong language, but it fits the present cases. Plaintiffs say that the Labor Board may decide, wrongly, that the newsdealers are plaintiffs' employees. Such a declaration by the Board, say plaintiffs, will be embarrassing to them, may stir up strife or strikes, will put plaintiffs in a false position before the public. But in all this plaintiffs are saying no more than the Board may give the wrong answer to a question of fact, may declare some union to be the bargaining agent of supposed employees who in truth are no employees at all (see *Long Island Lighting Co.* v. *Maltbie, supra*). " Jurisdiction is authority to decide the case either way " (*The Fair* v. *Kohler Die Co.,* 228 U. S. 22, 25; see *People* v. *Sturtevant,* 9 N. Y. 263). The risk that the ruling of a qualified tribunal may be a wrong one is a risk every citizen must run (see *Stoll* v. *Gottlieb,* 305 U. S. 165, 171). Here that risk is not one of grave or irreparable injury. Plaintiffs are not in the plight of the *New York Foreign Trade Zone Operators* (285 N. Y. 272) who, as against the Liquor Board's assertion of authority over them, had no remedy except to sit back, refuse to take out a license and then defend a criminal prosecution or injunction suit when brought. Those essentially negative remedies were not, we held, adequate protection for the Foreign Trade Zone Operators. Entirely different is the position of plaintiffs who, when and if the Board proceeds

directly against them, will have an immediate right of recourse to the courts under section 707 of the Labor Law with no danger of criminal prosecution, tax levy or penalty enforcement, meanwhile. The present suits are, therefore, not within the purview of the declaratory judgment statute. Whether we say that the entertaining of these suits was legal error, or that the refusal of the courts to dismiss them was an abuse of discretion, the same result follows. The complaints on their face show the absence of any case for declaratory judgment. Defendant Board was entitled to have the suits dismissed on motion.

Respondents argue that, by moving for judgment on the pleadings, defendant Board admitted the allegations of the complaint that the union members were independent businessmen and that the rival unions were both affiliated with the American Federation of Labor. "If the defendant moves, he admits every material fact set out in the complaint * * * ". (*Emanuel* v. *Walter*, 138 App. Div. 818, 819.) But such a constructive admission does not include every statement found in a complaint. What has been said in preceding paragraphs hereof establishes, we think, that the complaint's averments that the newsdealers were not employees and that the unions were both members of the same Federation, were not material to any litigable controversy between plaintiffs and the State Labor Relations Board. The Board could not, by any kind of action or proceeding, be forced to carry on any such dispute with plaintiffs, in another forum. Plaintiffs, pleading their own unproven version of the facts as to these two mooted matters, could not put the Board to an admission or a denial thereof. The Board could, as it did, deny that it knew what the true facts were, and insist that whatever the facts were, the Board itself was the State agency commissioned by the Legislature to perform the judicial or quasi-judicial act of *determining those facts*. Plaintiffs say that the Board is frequently cast in the role of adversary to employers or alleged employers. So it is, where the Legislature has commanded it to play such a role. But not in representation proceedings, where the Board is the merest umpire or stakeholder.

Furthermore, plaintiffs have failed to join either of the unions, or any of the individual newsboys or newsdealers, as defendants. Plaintiffs say, and the courts below held, that this was at worst a mere defect of parties defendant, subject to correction but not

requiring a dismissal of the complaint (see Civ. Prac. Act, § 193, and Rules Civ. Prac., rule 102). Actually, it is a failure to sue any party between whom and plaintiffs there exists a justiciable controversy (see *Manhattan Storage & Warehouse Co.* v. *Movers Assn.,* 289 N. Y. 82; *Wood* v. *City of Salamanca,* 289 N. Y. 279; *Varrichio* v. *Varrichio,* 269 App. Div. 678, 679). No practical effect would follow from judgments in favor of plaintiffs. The unions, much less their members, would not be bound thereby. We need not decide whether the absence of the unions as parties would in itself be sufficient ground for dismissal. It at least strengthens the position of the Board that the latter may not be forced, in these actions, to fight out with plaintiffs, in court, the very questions that should be fought out before the Board itself, as a fact-finding tribunal.

Plaintiffs argue that, at least as to the question of whether the disputant unions are or are not sister organizations, the Board is barred by the statute itself (Labor Law, § 705, subd. 3) from all " authority to investigate any question or controversy " between affiliates. Therefore, say plaintiffs, the Board may not even investigate to see whether such a relationship exists between the unions. That is the same as saying that an employer may stop a representation proceeding merely by asserting the alleged affinity of unions whose competing claims are before the Board. We see no difference in kind between that question and the question of employer-employee relationship. The Board is, of course, of limited jurisdiction. But when the existence or not of that jurisdiction depends on an issue of fact, the Board itself, and no other tribunal, is the appointed trier of that fact.

In all the above, we have been treating the question as to the status of the newsdealers as if it were a simple or single issue of pure fact, with no complications or complexes of fact, no room for conflicting inferences. It may turn out to be something quite different. Such seemingly simple problems as whether a transaction was or was not a sale, and whether a certain place was or was not a factory, turned out to be matters of judgment for experienced administrators (*Matter of Mounting & Finishing Co.* v. *McGoldrick,* 294 N. Y. 104; *Red Hook Cold Storage Co.* v.

*Department of Labor*, 295 N. Y. 1). " Of course, statutory con-
struction is the function of the courts, but where the question is
one of specific application of a broad statutory term in a proceed
ing in which the agency administering the statute must determine
it initially, the reviewing court's function is limited (*Board* v.
*Hearst Publications*, 322 U. S. 111, 131). The administrative
determination is to be accepted by the courts ' if it has " war-
rant in the record " and a reasonable basis in law ' " (*Matter of
Mounting & Finishing Co.* v. *McGoldrick, supra*, p. 108).

The working out of the inter-relation between administrative
agencies and courts has been a slow and difficult one. It is
unfortunate that the discussion, too often carried on in an atmos-
phere of contest, has generated so much heat. The courts and
the boards are not rivals. " *   *   * in construing a statute
setting up an administrative agency and providing for judicial
review of its action, court and agency are not to be regarded as
wholly independent and unrelated instrumentalities of justice,
each acting in the performance of its prescribed statutory duty
without regard to the appropriate function of the other in secur-
ing the plainly indicated objects of the statute. Court and agency
are the means adopted to attain the prescribed end, and so far
as their duties are defined by the words of the statute, those
words should be construed so as to attain that end through co-or-
dinated action. Neither body should repeat in this day the
mistake made by the courts of law when equity was struggling
for recognition as an ameliorating system of justice; neither
can rightly be regarded by the other as an alien intruder, to be
tolerated if must be, but never to be encouraged or aided by the
other in the attainment of the common aim " (*United States* v.
*Morgan*, 307 U. S. 183, 191). The dismissal of this suit will not
take from the Supreme Court any of its time-honored functions.
A reversal here leaves the law of this State as it has been for a
century (*People* v. *Goodwin*, 5 N. Y. 568): duly authorized
boards make their own findings of fact, independently of the
courts. Neither at common law (*People ex rel. Haines* v. *Smith*,
45 N. Y. 772, 776, 777) nor under any statute, past or present,
have the courts in certiorari proceedings, or otherwise, ever had
any duty or right of reviewing generally on the facts the deci-
sions of Legislature-created administrative bodies. By defeat-
ing at the 1938 election the proposed new Judiciary Article of

the State Constitution, the People of this State rejected a proposal that there should be court review of such decisions " upon both the law and the facts ". It is the plaintiffs who are trying to upset all this by seeking first-instance determinations on the facts by the court, through the device of actions for declaratory judgments. Declaratory judgments did not exist in this State until authorized by the Legislature in 1920. There is no reason whatever for concluding that the Legislature, in setting up that new form of action, intended to allow its use in the way attempted here. Quite the contrary appears since, in the 1937 enactment of article 78 of the Civil Practice Act, the Legislature codified and restated the rules which prohibit examination by the courts of the weight of evidence, etc., in proceedings before quasi-judicial bodies (Civ. Prac. Act, § 1296).

We repeat: we are not saying that the Labor Relations Board may never be sued for a declaratory judgment (*Bank of Yorktown* v. *Boland, supra; Allegheny Ludlum Steel Corp.* v. *Kelley, supra*). If the Board strays outside its statutory bounds by taking any palpably arbitrary or unlawful action, then the protection of an affected party may, under special circumstances, require and justify the interposition of a court, even though there be lacking specific statutory provision for certiorari or other court review of, or stay of, the particular Board determination. Such a situation would be analogous to those above described (*Booth* v. *City* and similar cases cited, *supra*), where taxing bodies make levies against persons clearly not subject to the particular taxes. But no such stage has been reached in any procedures this Board has conducted against these plaintiffs. Defendant Board cannot be accused of making an arbitrary or capricious decision since it has made no decison at all, or even taken testimony. It cannot be held to have gone outside its statutory jurisdiction since the fact questions on which its jurisdiction depends are at issue, disputed and unresolved, before the Board itself. And surely the Board has not violated any constitutional right of plaintiffs, since the whole matter of designating bargaining agents is statutory, and no constitutional question is involved.

We have not treated at any length herein the denial by the courts below of the motions of defendant Board for summary judgments. Were defendant's other motions for judgments on

the pleadings granted, summary judgments would serve no purpose. Beside, the refusal to order a summary judgment is ordinarily a discretionary determination with which we do not interfere. Nor do we think that the courts below were bound to grant declaratory judgments to defendant Board. Judgments in its favor dismissing the complaints would be sufficient for all purposes.

In each of the above-entitled actions the orders appealed from should be reversed, with costs in all courts. The first certified question should be answered in the affirmative, the other certified question not answered.

LOUGHRAN, Ch. J., LEWIS, THACHER and DYE, JJ., concur with CONWAY, J.; DESMOND, J., dissents in opinion in which FULD, J., concurs.

Orders affirmed, etc.