Shientag, J.
(dissenting). Plaintiff brought this action for a declaratory judgment and an injunction against the Industrial Commissioner of the State of New York, asking an adjudication that an order fixing minimum wages in the hotel industry had no application to, and could not be enforced against, a lodging house such as that operated by plaintiff.
Mandatory Order No. 6 fixed minimum wages in the hotel industry and defined such industry as follows (§ 4): “ 1. Hotel industry. The term ‘hotel industry ’ includes any establishment which, as a whole or part of its business or activities, offers lodging accommodations for hire to the public, to employees, or to members or guests of members.” (3 N. Y. Official Compilation of Codes, Rules and Regulations, p. 877.)
This order was made under article 19 of the Labor Law, which authorizes the commissioner to make minimum wage rates in occupations in which women and minors are employed.
In 1944 (L. 1944, eh. 792) there was added to article 19 the following section (§ 563-a, renumbered as § 663-a, by L. 1948, ch. 353) : “ Section 663-a. Supplementary protection. To effectuate the aim of this article and to protect the minimum wage standards and rates provided for women and minors, no male twenty-one years of age or over shall be employed in an occupation at less than the minimum standards or rates of wages fixed for women and minors in such occupation under a minimum wage order. The provisions of sections six hundred sixty, six hundred sixty-two, six hundred sixty-three, six hundred sixty-four, and six hundred sixty-five of this article shall apply to any employer or his agent, or officer or agent of any corporation failing to comply with the provisions of this section or any minimum wage order.”
Section 662 of the Labor Law outlines the procedure for review of wage orders promulgated by the Industrial Commissioner under article 19. Such orders, in the first instance, are to be reviewed by the Board of Standards and Appeals, from which a further appeal may be taken directly to the Appellate Division, Third Judicial Department, on any question of law embodied in any decision or order reviewed. The procedure thus prescribed in the Labor Law provides an adequate remedy and was intended by the Legislature to be exclusive.
The general order drawn to our attention contains nothing which, on its face, exceeds the jurisdiction of the Industrial Commissioner. It is obvious that the Legislature considered the advisability and desirability of transferring all appeals on questions of law in minimum wage cases to the Appellate Division, *831 Third Judicial Department. This procedure on appeal is not unlike that prescribed by the Workmen’s Compensation Law, the New York State Labor Relations Act (Labor Law, art. 20) and the Unemployment Insurance Law (Labor Law, art. 18). The remedy of declaratory judgment is not open when a reasonable and adequate remedy is thus provided by statute, a remedy which the context of the statute plainly indicates is designed to be exclusive. There is not here presented a situation where anyone affected by the wage order must wait and defend an action (cf. New York Foreign Trade Zone Operators v. State Liquor Authority, 285 N. Y. 272). Plaintiff has a clear and adequate remedy provided by statute to initiate a review by the Board of Standards and Appeals of the ord,er of the Industrial Commissioner complained of. The extent to which the Legislature has protected the rights of the employer is demonstrated by the provision granting an automatic stay of all proceedings if a petition for review is filed in the manner therein provided (Labor Law, § 110, subd. 2; § 112, subd. 2, to be considered in connection with § 662 of the same statute).
Since the remedy provided by statute for any possible abuse of power is reasonable and adequate, no circumstances exist which warrant entertaining an action for a declaratory judgment.
The order appealed from should be reversed and the complaint dismissed, with $20 costs and disbursements to the appellant.
Peck, P. J., Dore, Cohn and Van Yoorhis, JJ., concur in decision; Shientag, J., dissents in opinion.
Order affirmed, with $20 costs and disbursements. No opinion. [See post, p. 937.]