Lyman G. Realty Corporation, Respondent, *v.* Bernard J. Gilroy, as Commissioner of Housing and Buildings of the City of New York, et al., Appellants.

First Department, April 22, 1958.

*Alfred Weinstein* of counsel (*Seymour B. Quel* and *Murray Rudman* with him on the brief; *Peter Campbell Brown, Corporation Counsel,* attorney), for appellants.

*Robert Wolf* of counsel (*Daniel P. Hays* with him on the brief; *Hays, Sklar & Herzberg,* attorneys), for respondent.

Stevens, J. The defendants appeal from a declaratory judgment entered upon an order granting plaintiff's motion for summary judgment.

The judgment declared that plaintiff had a right to maintain its roof sign on its premises without obtaining a permit therefor, and that defendants may not refuse registration of the sign under subdivision d of section B26–9.0 of the Administrative Code of the City of New York. The judgment also voided a violation upon the premises and declared the sign to be a lawful, prior, nonconforming use under section 21-B of the Zoning Resolution of the City of New York.

The defendants-appellants argue that the Administrative Code clearly requires a permit, that there is no justiciable controversy regarding the zoning resolution and that summary judgment was improper.

Briefly, the plaintiff purchased a building in 1946, upon which it asserts there was a roof sign which plaintiff continues to maintain and from which it derived and presently derives revenue. Plaintiff has not applied for a permit because it alleges section B26–9.0 does not apply since plaintiff did not erect but is only maintaining the sign, and that plaintiff's sign is a " valid non-conforming use exempt from the zoning resolution." (§ 21-B.) It asserts, moreover, that application for a permit would be useless since defendants have indicated clearly such permit would be refused.

There is presently a violation on the premises arising out of a claimed violation of section B26–9.0.

The affidavit of the commissioner of buildings at Special Term stated, in part, " Obviously, there is no issue of fact involved herein. The only questions remaining for judicial determination are those purely of law ", a view which plaintiff shared for its affidavit pointed out " that all of the issues herein raised are issues of law which are ultimately to be decided by this Court."

It is not disputed that a roof sign exists and is maintained by plaintiff upon its premises. The basic question is: Does section B26–9.0 of the Administrative Code apply so as to require a permit therefor?

There being only a question of law involved and a justiciable issue presented, Special Term held, properly, this to be a case for a declaratory judgment and pointed out " Plaintiff is not compelled to risk a criminal prosecution for failure to remove the sign before asserting its position" (citing *New York Operators* v. *State Liquor Auth.*, 285 N. Y. 272, 278; Civ. Prac. Act, § 473).

Section B26–9.0, entitled " Ground signs and roof signs " reads in part as follows: " a. Permits required. Ground signs or roof signs shall be erected only after a permit shall have

been issued by the commissioner. Such commissioner may prescribe the form and content of any application for such permit.''

A mere reading of this subdivision indicates its inapplicability for the character of the issue here involves not the erection but the maintenance of a sign already in existence.

Subdivision b establishes conditions precedent to the issuance of a permit for signs erected under subdivision a and is subject to the same observation as that addressed to subdivision a.

Subdivision d, so far as pertinent, provides '' Every ground-sign and roof-sign shall be registered by the person maintaining the same with the office of the department in the borough in which such structure is situated.''

The language is all-embracive and while the saving clause, subdivision e, excepts from certain requirements signs erected prior to May 29, 1914, the use of the mandatory '' shall '' in connection with the issuance of permits for such signs presupposes the obligation of application for permits of maintenance.

There is no issue before us as to the applicability or non-applicability of section 21-B of the Zoning Resolution, for the violation charged is not predicated upon that section. In fact, appellants acquiesced, apparently, in the view of respondents that '' Section 21-B of the Zoning Resolution does not prohibit the maintenance of a roof sign at this location.'' There is thus no justiciable controversy as to section 21-B, and it is not within the purview of a declaratory judgment.

Article 2 of the Administrative Code (§§ B26–5.0 to B26–19.0 inclusive) is entitled '' Signs '', and the entire article is devoted to that subject. It refers to all types of signs and seeks to regulate their erection, alteration and maintenance.

Section B26–14.0 deals with '' Unsafe signs '', section B26–15.0 '' Unlawful signs '', section B26–16.0 '' Alteration of existing signs '', while section B26–17.0 requires an annual inspection of every sign for which a permit shall have been issued, and section B26–19.0 prescribes the punishment for violations.

Viewing the case before us within the framework of article 2, and its expressed as well as implied objectives, to exclude the plaintiff from the provisions requiring registration is to render nugatory many of the provisions enacted within the police power for the safety and protection of the public. It would deprive the commissioner of the power to ascertain, regulate or direct the correction of any abuse or violation and thus frustrate the desired objective.

As a word of caution, we point out that there is a rule of reason to be applied under the circumstances of this case, and a limitation upon the power of the appellants in that they may not arbitrarily or capriciously withhold such permit if application be made.

The judgment appealed from should be modified so as to strike decretal paragraphs 2 and 3, and modify the language of the first decretal paragraph so that it shall read as follows: '' Ordered, Adjudged and Decreed that the plaintiff has the right to maintain its roof sign on its premises on condition that it obtain a permit therefor, and that the defendants may not arbitrarily refuse registration of the said sign under Section B26–9.0, subdivision (d) of the Administrative Code of the City of New York.''

As so modified, the judgment appealed from should otherwise be affirmed on the law, without costs to either party.

VALENTE, J. P., McNALLY and BASTOW, JJ., concur.

Judgment unanimously modified in accordance with the opinion filed herewith and, as so modified, affirmed on the law, without costs to either party.

Settle order.