HEARST CONSOLIDATED PUBLICATIONS, INC., Respondent, v. WILLIAM J. KELLEY et al., Constituting the New York State Labor Relations Board, Appellants.

NEW YORK POST CORPORATION, Respondent, v. WILLIAM J. KELLEY et al., Constituting the New York State Labor Relations Board, Appellants.

NEW YORK SUN, INC., Respondent, v. WILLIAM J. KELLEY et al., Constituting the New York State Labor Relations Board, Appellants.

NEW YORK WORLD-TELEGRAM CORPORATION, Respondent, v. WILLIAM J. KELLEY et al., Constituting the New York State Labor Relations Board, Appellants.

Orders affirmed, each with $20 costs and disbursements.

PECK, J. (dissenting). The question presented by these appeals is whether the Supreme Court is the proper forum, in an action for a declaratory judgment, for resolving factual issues as to the jurisdiction of the New York State Labor Relations Board.

An application for certification as employees' representatives was filed with the board by a union of newspaper dealers, alleging that the newsdealers were employees of plaintiff newspapers and were represented by the union. A rival union notified the board that it claimed to represent the newsdealers. Plaintiffs contend that the newsdealers are not their employees, but are independent businessmen, so there does not exist between plaintiffs and the newsdealers

that employer-employee relationship which is necessary to the jurisdiction of the board to certify employee representatives. Plaintiffs also contend that the rival unions are both A. F. of L. unions and, therefore, the board does not have jurisdiction under subdivision 3 of section 705 of the State Labor Relations Act (Labor Law, art. 20), to investigate any question or controversy between these labor organizations affiliated with the same parent organization.

The board directed the parties to appear before it for a hearing. Plaintiffs have refused to appear and permit the board to take evidence and pass upon the jurisdictional facts bearing upon the existence of the alleged employer-employee relationship and the alleged common parentage of the rival unions, but have brought actions in the Supreme Court for a declaratory judgment. The complaints allege that an employer-employee relationship does not exist between the newsdealers and the plaintiffs and that the rival unions have a common parent. The prayer is for a declaration of those facts and that the board does not have jurisdiction to entertain the application for certification.

The board has answered that it neither asserts nor denies the existence of the alleged employer-employee relationship or the common parentage of the rival unions; that conflicting claims as to the facts are made by plaintiffs and the rival unions; that it is the quasi-judicial duty of the board to hear the parties and the evidence on these issues and determine whether or not it has jurisdiction to entertain the certification proceeding; that there is no controversy between the board and the plaintiffs as to the matters sought to be declared and the board should not be forced to try as an adversary before the court issues which the board is expected and obliged to try in a judicial capacity; that the board should be permitted in the first instance to hear and determine the facts for itself, subject to court review in accordance with the provision of the act.

Supporting its position with affidavits, the board moved both for judgment on the pleadings and for summary judgment. From a denial of its motions, the board appeals.

An action for a declaratory judgment is a proper method for testing the jurisdiction of a State agency to take challenged action against a citizen. In nearly every case in which a declaratory judgment has been granted, however, the State agency had taken an adversary position to the citizen, such as a taxing officer undertaking to levy a tax, and the authority asserted by the agency and challenged by the citizen was executive rather than judicial. It has been held that a complaint may state a cause of action for a declaratory judgment as to the jurisdiction of the Labor Board to entertain a certification proceeding. (*Bank of Yorktown* v. *Boland*, 280 N. Y. 673.) In that case the complaint challenged the jurisdiction of the board on the contention that the act did not apply to banking institutions. On motion of the board to dismiss the complaint for failure to state a cause of action, the Court of Appeals held that the complaint did state a cause of action on the authority of *Dun & Bradstreet, Inc.*, v. *City of New York* (276 N. Y. 198). The *Dun & Bradstreet* action (*supra*) was a typical action for an injunction and declaratory judgment against the collection of a tax. The city was attempting to collect a sales tax from plaintiff, which alleged in its complaint that the sales tax was not applicable to plaintiff's services. The Court of Appeals said that the allegation of plaintiff's services, as stated in the complaint, must be taken as true on a motion to dismiss, and held that the complaint stated a cause of action as the undisputed facts brought the case within the class peculiarly appropriate for declaratory judgment, that is, where a constitutional question is involved or

the legality or meaning of a statute is in question and no issue of fact is involved.

The question in the present case, to my mind, is whether the decision in *Bank of Yorktown* v. *Boland* (*supra*) requires a denial of the board's motions for judgment on the pleadings and for summary judgment. Undoubtedly, had the board merely moved to dismiss the complaints as it did in the *Bank of Yorktown* case (*supra*), its motion would have to be denied on the authority of that case, for the court would then have to take the allegations of the complaint as true and assume that the board was exceeding its jurisdiction. Does that mean, however, that the court should proceed to a declaratory judgment when it appears that issues of fact as to the board's jurisdiction are open and undetermined before the board and the board has had no opportunity to hear and determine the facts?

That is a very different question from the one presented in the *Bank of Yorktown* case (*supra*). All that case holds is that without an answer or any showing on the part of the board, and where all that appears on a motion to dismiss the complaint is that the board is clearly exceeding its jurisdiction, the complaint states a cause of action for a declaratory judgment. Here, to the contrary, the answer and showing of the board are that questions of fact, which the board clearly has the jurisdiction and duty to hear and determine, are open and undetermined, and the issue is whether those disputed questions of fact shall be heard in the first instance by the board or by the court.

It cannot be said here that the board is exceeding its jurisdiction in anything that it has done or proposes to do. All that it has sought to do is to hear the evidence relating to its jurisdiction. That is not only within its province but apart from the court's taking over would be the duty of the board. All plaintiffs show is a fear that the board will not reach a correct conclusion on the evidence. That is hardly a justification for the court's refusing the board permission to hear the evidence and pre-empting the board's function for itself.

The very question presented here has come before the Supreme Court of the United States, where a declaratory judgment was sought against the National Labor Relations Board's entertaining a proceeding, when a challenge was made to its jurisdiction on the ground that a company was not engaged in interstate commerce. (*Myers* v. *Bethlehem Corp.*, 303 U. S. 41; *Newport News Co.* v. *Schauffler*, 303 U. S. 54.) The Supreme Court held that a declaratory judgment action is not a proper proceeding for testing the board's jurisdiction, that the board must be left to hear and determine the issue of interstate commerce and its jurisdiction in the first instance, and that appeal to the court may be had only under the provisions for review contained in the National Labor Relations Act (U. S. Code, tit. 29, § 151 *et seq.*), which are the same as the provisions for review contained in the State act.

Aside from the authority of these decisions, I feel that orderly procedure requires the board to proceed first and the court to abstain from interference until the question comes before it in due course on a judicial review under the act. The importance of the procedure is obvious. Heretofore, the board has proceeded to hear the evidence relating to its jurisdiction and determine the issue as a preliminary to taking a position with respect to its jurisdiction. If the court will entertain actions for a declaratory judgment before the board has an opportunity to hear the facts and pass upon them, the court will become the preliminary forum for trying the facts on every challenge to the board's jurisdiction. The board will thus be deprived of that judicial function and will be cast in the roll of a party adversary before the court, without an opportunity, informedly and intelligently, to take a position.

Plaintiffs suggest that the provisions for judicial review under the act are not all that they should be. Perhaps there should be provision for review at an earlier stage of proceedings than the present law permits. If so, the law should be amended. As it stands, it represents the legislative policy as to how far the board should be permitted to proceed without court interference or review. It is certain that the legislative policy will be defeated and the board demeaned if the court is going to entertain actions for declaratory judgments before the board has had an opportunity to make its own judicial investigation and determination of the facts.

Nor is the question how strong is the showing of the plaintiffs. The question is how the judicial system shall operate in a case of this kind. The plaintiffs may be altogether right on the facts; if so, there is no reason to assume that the board will not reach the proper conclusion on the facts. The board has the duty to hear and determine the facts in a judicial manner, with all that judiciality implies, and the question is whether the board shall be denied its judicial function and cast into an unseemly position by what amounts to an expression of lack of confidence and pre-emption by the court of the board's function.

The jurisdiction of the court to entertain an action for a declaratory judgment undoubtedly exists and the complaint undoubtedly states a cause of action. But the exercise of the court's jurisdiction and the entertainment of the action in the present state of the proceeding is discretionary. In my view, as a matter of discretion and orderly procedure, where issues of fact must be tried and determined as a preliminary to a determination of the jurisdiction of the board, and the board has not had an opportunity to try and determine those issues for itself, the court should decline to entertain the action and should leave the parties to a hearing and determination before the board and review in accordance with the statute.

The orders should be reversed and the motions granted.

Martin, P. J., Townley, Glennon and Callahan, JJ., concur in decision; Peck, J., dissents in opinion.

In each action order affirmed, with $20 costs and disbursements. No opinion. [See *post*, pp. 923, 924.]