In the Matter of ANTHONY ALLEN et al., Petitioners, against WILLIAM J. KELLEY et al., Individually and Constituting the New York State Labor Relations Board, et al., Respondents.

Supreme Court, Special Term, New York County, February 16, 1948.

*George L. Livingston* and *Michael J. Kingsley* for petitioners.

*William E. Grady, Jr.,* and *Philip Feldblum* for respondents.

GREENBERG, J. Petitioners own and maintain a substantial number of thoroughbred horses which are entered and run in various races throughout the United States. They have, among others in their employ, grooms and exercise boys. The respondent union has attempted to organize these employees. The petitioners, except one, formed a group or association known as the Horsemen's Committee to enable them to bargain collectively and Herbert Bayard Swope was designated as their representative for that purpose. Swope signed a consent to the holding of an election to designate a bargaining agent. The election was held and the board certified the union as such agent for the employees in question.

The petitioners refused to bargain with the union and accordingly the latter filed a charge of violation of subdivision 6 of section 704 of the New York State Labor Relations Act (Labor Law, art. 20), which, in substance, makes it an unfair labor practice for an employer to refuse to negotiate in good faith with a duly chosen bargaining representative.

The board entertained the charge and commenced an unfair labor proceeding after giving due notice to the petitioners. The petitioners did not file an answer to the complaint. At the first hearing before the board an adjournment was requested and obtained. On the adjourned date the board and the union were served with an order signed by a justice of this court, which temporarily stayed the hearing and trial of the charge and directed the respondents to show cause why they should not be permanently stayed from taking any action in the proceeding then pending before the board.

In support of their application for a permanent injunction under article 78 of the Civil Practice Act the petitioners claim that since the grooms and exercise boys are engaged in work which " affects interstate commerce " within the meaning of the National Labor Relations Act as amended (U. S. Code, tit. 29, § 151 *et seq.*), the National Labor Relations Board has exclusive jurisdiction. Specifically, the petitioners allege that they are engaged in the business of purchasing, selling and transporting thoroughbred horses, each of considerable value, from State to State, and from town to town; that they also transport their employees who are charged with the care and maintenance of the afore-mentioned throughbred horses across State lines, as well as large amounts of personal property consisting of harness, tack, feed, etc., such personal property being necessary for the care and maintenance of the horses. In many cases, according to the petition, horses are transported from State to State for the purpose of sale or for the purpose of running horses in a so-called "claiming race ", in which the winning horse is subject to be purchased by "all comers at a declared price". All of this activity, petitioners urge, demonstrates that they are engaged in interstate commerce or at least that the grooms and exercise boys perform work which affects interstate commerce.

The board filed an answer to the petition. No attempt is made by the board to argue the merits of petitioners' claim, i.e., that the dispute involved affects commerce within the meaning of the National Labor Relations Act. Nor does the board contest the petitioners' claim that if interstate commerce is affected, exclusive jurisdiction in respect of unfair labor practices is vested in the National Labor Relations Board. The sole basis upon which the present application is resisted by the board is that it possesses jurisdiction *in the first instance* to take proof and determine whether the activities of the grooms and exercise boys are such as to affect interstate commerce. The burden of the position of the board is that it is without knowledge of any of the facts relating to the character of the work done by the grooms and exercise boys and that " until the evidence pro and con has been submitted to the Board at the mandatory hearing, and until the Board has had an opportunity to consider it, the Board can make no finding on that question." Accordingly, the board requests the court in the sound exercise of its discretion to decline to entertain the proceeding and to permit the board initially to determine the question of jurisdiction.

In *Myers* v. *Bethlehem Corp.* (303 U. S. 41) the question for decision was whether a Federal District Court could validly enjoin the National Labor Relations Board from holding a hearing upon a complaint filed by it against an employer alleged to be engaged in unfair labor practices prohibited by the National Labor Relations Act. The basis of the claim of the employer who obtained the injunction in the lower courts was that the National Labor Relations Act was not applicable to its business at the plant involved in the controversy because the operations conducted there " are not carried on, and the products manufactured are not sold, in interstate or foreign commerce " (p. 47). The employer maintained (pp. 47–48) that " the Corporation's relations with its employees at the plant cannot burden or interfere with such commerce; that hearings would, at best, be futile; and that the holding of them would result in irreparable damage to the Corporation, not only by reason of their direct cost and the loss of time of its officials and employees, but also because the hearings would cause serious impairment of the good will and harmonious relations existing between the Corporation and its employees, and thus seriously impair the efficiency of its operations."

The Supreme Court held that the District Court was without jurisdiction to enjoin hearings before the National Labor Relation Board because the National Labor Relations Act (p. 48) " provided for appropriate procedure before the Board and in the review by the Circuit Court of Appeals an adequate opportunity to secure judicial protection against possible illegal action on the part of the Board." The court added that " No power to enforce an order is conferred upon the Board. To secure enforcement, the Board must apply to a Circuit Court of Appeals for its affirmance."

As to the contention of the employer that, because it denied that interstate or foreign commerce was involved, a hearing would subject it to irreparable damage and rights guaranteed by the Federal Constitution would be denied it unless the Federal District Court possessed jurisdiction to enjoin the holding of a hearing by the board, the Supreme Court declared (pp. 50–51): "So to hold would, as the Government insists, in effect substitute the District Court for the Board as the tribunal to hear and determine what Congress declared the Board exclusively should hear and determine in the first instance. The contention is at war with the long settled rule of judicial administration that no one is entitled to judicial relief for a supposed or threatened

injury until the prescribed administrative remedy has been exhausted. That rule has been repeatedly acted on in cases where, as here, the contention is made that the administrative body lacked power over the subject matter.

" Obviously, the rule requiring exhaustion of the administrative remedy cannot be circumvented by asserting that the charge on which the complaint rests is groundless and that the mere holding of the prescribed administrative hearing would result in irreparable damage."

It is to be noted that subdivision (f) of section 10 of the National Labor Relations Act (U. S. Code, tit. 29, § 160, subd. [f]), referred to in footnote 7 to the opinion of the court, provided that " the findings of the Board as to the facts, if supported by evidence, shall * * * be conclusive." This provision is similar to that of subdivision 2 of section 707 of the Labor Law of this State, which declares that "The findings of the board as to the facts, if supported by evidence, shall be conclusive." In view of this holding it would seem to follow that a proper exercise of discretion requires a ruling in the case now before the court that the New York State Labor Relations Board should be permitted, in the first instance, to hold hearings and that the courts should not be resorted to until the administrative remedy has been exhausted.

Petitioners find comfort in the recent case of *New York Post Corp.* v. *Kelley* (296 N. Y. 178), as authority for requiring the contrary conclusion. In that case, however, as the majority opinion of the Court of Appeals, written by Judge CONWAY, indicates, the State board had not made a motion at Special Term to dismiss the action for declaratory judgment on the ground that a proper exercise of discretion required that the board be permitted to take evidence in the first instance. The board, instead of appealing to the court's discretion, had moved under rules 112 and 113 of the Rules of Civil Practice for judgment on the pleadings and summary judgment respectively, contending that it was entitled to a dismissal of the complaint as a matter of absolute right. The opinion at Special Term, accordingly, did not discuss the question of whether, although a good cause of action for declaratory judgment was stated, a proper exercise of discretion required that the court refuse to entertain the action. The affirmance by the Appellate Division (270 App. Div. 916) was without opinion but Mr. Justice PECK, now Presiding Justice of that court, wrote a dissenting opinion in which, relying upon the cases of *Myers* v. *Bethlehem Corp.* (*supra*) and *New-*

*port News Co.* v. *Schauffler* (303 U. S. 54), he took the position that the board, as a matter of discretion, should be given opportunity in the first instance to hear the evidence and pass upon it, and the employer left to the remedy of reviewing the board's determination, if adverse, in accordance with the applicable provisions of the Labor Law.

The following excerpt from the opinion of Judge CONWAY would seem to indicate that the decision of the Court of Appeals was predicated upon the narrow ground that the Labor Board, not having appealed to the discretion of the courts below, was not free to argue in the Court of Appeals that there had been an abuse of discretion (pp. 189–190): " Rule 212 of the Rules of Civil Practice reads as follows: ' Rule 212. *Jurisdiction discretionary.* If, in the opinion of the court, the parties should be left to relief by existing forms of actions, or by other reasons, it may decline to pronounce a declaratory judgment, stating the grounds on which its discretion is so exercised.' This court is one of review, and we may not reverse the orders because of the exercise of the discretion committed to the Supreme Court through legislative provision unless we may say that there was an abuse of discretion as a matter of law. For an administrative agency which answered without making any request to the Supreme Court under rule 212 to decline to take jurisdiction and then boldly moved for judgment on the pleadings and under rule 113, there is hardly room for the argument that the exercise of discretion to pass upon the motions so made and then to deny them was error as a matter of law. The following, from *Rockland Light & Power Co.* v. *City of New York* (LEHMAN, Ch. J.), *supra,* p. 50, is apposite here: ' The sufficiency of the complaint has been sustained as a pleading. The order accomplishes nothing more. The order must be affirmed, regardless of the merits of the controversy or the scope of the plaintiff's rights, if we conclude that the complaint in an action for declaratory judgment should not be dismissed as ' matter of law ' where the facts alleged show the existence of a controversy concerning ' rights and legal relations ' and where it appears that the discretionary and extraordinary powers of the court have been invoked for a sufficient reason.' "

The present application for what was formerly an order of prohibition is addressed to the court's discretion (*People ex rel. Hummel* v. *Trial Term,* 184 N. Y. 30) and the New York State Labor Relations Board maintains that a proper exercise of discretion requires that the proceeding be dismissed and the board

permitted in the first instance to take evidence pro and con as to whether it or the National Labor Relations Board is the tribunal possessing exclusive jurisdiction. *New York Post Corp.* v. *Kelley (supra)* is, therefore, clearly distinguishable.

Furthermore, it should be pointed out that in the *New York Post* case *(supra)* the question before the State board was whether it possessed jurisdiction to make an investigation or certify a collective bargaining representative. No direct appeal from the order which the board would make would lie under the Labor Law until and unless the employer failed to obey a subsequent order of the board and the latter found the employer guilty of an unfair labor practice. *(Matter of Wallach's, Inc.,* v. *Boland,* 277 N. Y. 345.) In the instant case, however, the petitioners have been charged with unfair labor practices and a direct appeal to the courts from a determination adverse to them by the board is authorized by section 707 of the Labor Law. They thus have ample protection by appeal at law and may not invoke the extraordinary remedy provided by article 78 of the Civil Practice Act, which is confined to cases of unusual necessity where the tribunal against which it is sought is acting without, or in excess, of jurisdiction and where there is no other adequate remedy.

The motion to restrain the Labor Board from proceeding with the hearing and trial of the charges of unfair labor practices is accordingly denied. Settle order.