FRANK ALLSTROM et al., Plaintiffs, *v.* KEITH LORENZ et al., Constituting the New York State Labor Relations Board, Defendants.

Supreme Court, Special Term, New York County, May 2, 1950.

*William E. Grady, Jr.,* and *Philip Feldblum* for defendants.

*David L. Benetar, H. H. Nordlinger, Robert C. Isaacs* and *Henry G. Friedlander* for plaintiffs.

SCHREIBER, J. This is a motion to dismiss the complaint in a declaratory judgment action (1) on the ground that the court in the exercise of judicial discretion should decline to entertain the action, or, (2) in the alternative, for alleged failure to set forth a good cause of action.

More than fifty plaintiffs, each owning and operating two or more taxicabs in the city of New York, are suing the State Labor Relations Board of the State of New York, hereinafter referred to as the "board". They allege that a union, known as the United Construction Workers, has filed petitions with the board, requesting it to investigate controversies concerning the appropriate bargaining representative for employees of eleven of the plaintiffs and asking it to certify said union as the employees' proper representative. The pleading further alleges that as to each of the other plaintiffs the board, acting on charges filed by discharged employees, has issued complaints accusing said plaintiffs of unfair labor practices within the meaning of the Labor Law of this State.

According to the averments of the complaint, plaintiffs and their employees carry a large volume of interstate and foreign travelers to and from various railroads and other carriers engaged in interstate commerce and "operate so as to affect interstate commerce". Plaintiffs assert that, under the

National Labor Relations Act (U. S. Code, tit. 29, § 151 *et seq.*), the National Labor Relations Board has sole jurisdiction of their employer-employee relationships, and that Congress and the National Labor Relations Board have assumed jurisdiction of the taxicab industry. Nevertheless, plaintiffs charge, the defendant board has, in the case of some of the plaintiffs, directed the holding of elections to determine whether United Construction Workers should represent the employees of these plaintiffs, and, in the case of other plaintiffs, has conducted and will conduct hearings of the claims that they were guilty of unfair labor practices. Because of the board's allegedly wrongful assertion of jurisdiction over plaintiffs, this action has been brought. The prayer for relief seeks (1) a " declaratory judgment " that the New York State Labor Relations Act (Labor Law, §§ 700–716) does not apply to plaintiffs and that the New York board has no jurisdiction over them, and (2) an injunction restraining the board from assuming jurisdiction over plaintiffs, or directing the holding of elections or taking any action in connection with plaintiffs or their employees under the New York State Labor Relations Act.

The affidavit submitted by the board in support of that branch of the motion which is addressed to the court's discretion under rules 210 and 212 of the Rules of Civil Practice, states that certain representation cases and one unfair labor practice case were consolidated for the purpose of a hearing on the jurisdictional question; and that the board has found that those of the plaintiffs who were involved in said cases did a predominantly local business which had, at most, a remote, indirect and insubstantial effect upon interstate commerce. The board has decided the jurisdictional question as to only twelve of the plaintiffs and as to twenty-seven of them has not yet held hearings. The board asserts that the presence or absence of jurisdiction as to any particular plaintiff depends upon the resolution of the factual question as to whether the effect of said plaintiffs' activities upon interstate commerce is close and substantial. Prima facie, says the board, the plaintiffs' activities are local, not national, in character. The board vigorously disputes the correctness of the complaint's allegation that the National Labor Relations Board has customarily asserted jurisdiction over the taxicab industry and that the industry, as an entity, affects interstate commerce. According to the board, in fifteen years, jurisdiction of only four taxicab cases has been assumed by the national board. It is pointed out that " there is a vast difference between

a company operating two or three taxis in a residential neighborhood and a company * * * which operates approximately 200 taxicabs.'' The gist of the board's appeal to the court to decline jurisdiction in the exercise of a sound discretion is that the question of the board's jurisdiction over the various plaintiffs depends upon a separate factual inquiry in the case of each plaintiff and cannot be determined '' on the face of the Act ''. The board concedes that the situation might be different if its jurisdiction '' could be determined on the face of the Act, or if the industry were a basic one, inherently national in character, over which the National Board customarily asserted jurisdiction, or if the facts were conceded and only a question of law remained.'' Since separate factual inquiry is necessary as to the character and scope of each plaintiff's activities, the board invokes the principle that courts will permit jurisdictional problems to be worked out in the first instance at the administrative level and will require the exhaustion of administrative remedies as a condition precedent of judicial action or interference. (*Myers* v. *Bethlehem Shipbuilding Corp.*, 303 U. S. 41, 50; *Matter of Allen* v. *Kelley*, 191 Misc. 762, affd. 273 App. Div. 963.)

In *Myers v. Bethlehem Shipbuilding Corp.* (*supra*) an employer sued to enjoin the National Labor Relations Board from holding a hearing of a charge of unfair labor practices on the ground that the board was without jurisdiction because neither interstate nor foreign commerce was involved. The court, in an opinion by Mr. Justice BRANDEIS, pointed out (pp. 49–50) that if the board should find that interstate or foreign commerce was involved, its determination was subject to judicial review. The claim of the employer that '' since it denies that interstate or foreign commerce is involved and claims that a hearing would subject it to irreparable damage '' an injunction was proper, was overruled in the following pertinent language (pp. 50–51):

'' So to hold would, as the Government insists, in effect substitute the District Court for the Board as the tribunal to hear and determine what Congress declared the Board exclusively should hear and determine in the first instance. The contention is at war with the long settled rule of judicial administration that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted. That rule has been repeatedly acted on in cases where, as here, the contention is made that the administrative body lacked power over the subject matter.

" Obviously, the rule requiring exhaustion of the administrative remedy cannot be circumvented by asserting that the charge on which the complaint rests is groundless and that the mere holding of the prescribed administrative hearing would result in irreparable damage."

In *Matter of Allen* v. *Kelley* (*supra*) owners of racing horses, claiming that their activities affected interstate commerce, sought to restrain the New York State Labor Relations Board from conducting hearings on charges that the horse owners had been guilty of unfair labor practices. The board made no attempt to argue the merits of the claim that the owners' activities affected interstate commerce. The sole basis upon which it resisted the application for injunctive relief was that (p. 764): " it possesses jurisdiction *in the first instance* to take proof and determine whether the activities of the grooms and exercise boys are such as to affect interstate commerce." On this ground the board requested the court (p. 764) " in the sound exercise of its discretion to decline to entertain the proceeding and to permit the board initially to determine the question of jurisdiction." The court upheld the board's position on the authority of *Myers* v. *Bethlehem Shipbuilding Corp.* (*supra*) declaring that (p. 766) " a proper exercise of discretion requires a ruling * * * that the New York State Labor Relations Board should be permitted, in the first instance, to hold hearings and that the courts should not be resorted to until the administrative remedy has been exhausted."

These authorities amply support the board's contention that a proper exercise of discretion requires the dismissal of the complaint in the present action. Plaintiffs, in opposition to the motion, rely heavily on *New York Post Corp.* v. *Kelley* (296 N. Y. 178) and *Bethlehem Steel Co.* v. *New York State Labor Relations Bd.* (330 U. S. 767). The decision in *New York Post Corp.* v. *Kelley,* as pointed out in *Matter of Allen* v. *Kelley* (*supra,* p. 767) was predicated upon the narrow ground that the labor board, not having appealed before answer to the discretion of the court below was not free to argue in the Court of Appeals that there had been an abuse of discretion as a matter of law. The gist of the decision is to be found in the following language of the majority opinion (296 N. Y. 178, 189): " This court is one of review, and we may not reverse the orders because of the exercise of the discretion committed to the Supreme Court through legislative provision unless we may say that there was an abuse of discretion as a matter of law. For an administrative

agency which answered without making any request to the Supreme Court under rule 212 to decline to take jurisdiction and then boldly moved for judgment on the pleadings and under rule 113, there is hardly room for the argument that the exercise of discretion to pass upon the motions so made and then to deny them was error as a matter of law.'' The decision has been criticised as representing '' an extreme position which has been rejected by the United States Supreme Court and by most state courts '' (56 Yale L. J., 1449, 1452) and has also met with other criticism (Benjamin '' Judicial Review of Administrative Adjudication,'' 48 Col. L. Rev. 1, 7). The affirmance by the Appellate Division in *Matter of Allen* v. *Kelley* (*supra*) must be deemed a holding that the *New York Post* decision is inapplicable where prompt appeal to the court's discretion is made, before answer, by the administrative agency. In *Bethlehem Steel Co.* v. *New York State Labor Relations Bd.* (*supra*) there was no issue as to whether the plaintiff was subject to the jurisdiction of the National Labor Relations Board. That was conceded by the New York board. The only question was whether the New York board had concurrent jurisdiction until such time as the national board acted. This was a pure question of law, involving no need for a factual inquiry. The case therefore is of no value as an authority in a situation such as that here presented, where the board is asking the court in its discretion to refuse to assume jurisdiction on the ground that factual inquiry is necessary to determine the question of the board's jurisdiction. Moreover, the case was decided by the United States Supreme Court in 1947, whereas the decisions in *Matter of Allen* v. *Kelley* (*supra*) both at Special Term and in the Appellate Division, were not made until the following year.

It is true that in *Matter of Allen* v. *Kelley* (*supra*) the petitioners were charged with unfair labor practices and therefore could take a direct appeal to the courts under section 707 of the Labor Law, while those of the instant plaintiffs who are involved in representation controversies may not seek judicial review of an adverse ruling by the board until and unless they disobey the board's order in the representation proceeding and are then charged with an unfair labor practice (*Matter of Wallach's, Inc.,* v. *Boland,* 277 N. Y. 345). It does not necessarily follow, however, that the lack of immediacy in the right to judicial review makes the remedy provided for in the Labor Law inadequate. As Judge Desmond, writing the dissenting opinion in the *New York Post* case (p. 194, *supra*) well said: '' To the argu-

ment that the lack of such a direct judicial review of a certification may lead to hardships and to industrial conflict, the answer is that given by the dissenting justice [Mr. Justice, now Presiding Justice, PECK] in the Appellate Division in the present case: that such a criticism of the Act should be addressed to the Legislature, not to the courts (see, likewise, Justice STONE in *American Federation of Labor* v. *National Labor Relations Board, supra,* 308 U. S. 401)."

Plaintiffs also urge that since the action is not merely one for a declaratory judgment, but also seeks injunctive relief, it may not be dismissed on a motion addressed to the court's discretion. It is clear, however, that the injunction prayed for is sought solely as incidental or consequential relief to the declaratory judgment, as authorized by rule 211 of the Rules of Civil Practice. Although a similar prayer for injunctive relief was included in the complaint in the *New York Post* case (see folios 75 and 76 of record on appeal in the Court of Appeals) the court made no mention of that point as a ground for its decision. Furthermore, jurisdiction in an equity action for injunctive relief is discretionary and not a matter of absolute right. (*Bareham* v. *City of Rochester,* 246 N. Y. 140, 143.)

For the reasons indicated that branch of the motion which is addressed to the court's discretion is granted. It is accordingly unnecessary to pass upon the application to dismiss for alleged insufficiency.

Settle order.