Isadore Bookstein, J.
Plaintiff moves for a temporary injunction against picketing at its place of business and related activity.
*1095 Plaintiff contends the defendant unions’ picketing is unlawful recognition picketing, directed at plaintiff, calculated to coerce plaintiff to influence its employees to join defendant unions, and enjoinable on the authority of Goodwins Inc. v. Hagedorn (303 N.Y. 300 [1951]).
Defendants contend their picketing is peaceful, conducted for “ organizational” purposes, and, on the authority of Wood v. O’Grady (307 N. Y. 532 [1954]) not enjoinable.
Whatever the force of these contentions, defendants’ Local 445 raises a preliminary issue. It moves to dismiss the complaint, pursuant to subdivisions 1 and 4 of rule 106 of the Rules of Civil Practice on the grounds that the court lacks jurisdiction of the subject matter of suit and the complaint fails to state facts sufficient to constitute a cause of action.
It affirmatively appears from plaintiff’s moving papers that plaintiff, “ is one of the largest manufacturers of TV antennae, accessories, and aluminum tubing in the United States ”. Its raw materials and supplies are brought in from various parts of the United States and its manufactured products must be similarly shipped to various distant points. Its sales amount to about $14,000,000 annually. It would certainly appear that plaintiff’s business “ affects commerce ” within the meaning of the Labor Management Relations Act of 1947 (U. S. Code, tit. 29, § 141 et seq.).
In Meat Cutters v. Fairlawn Meats (353 U. S. 20 [1957]) and San Diego Unions v. Garmon (353 U. S. 26 [1957]) the United States Supreme Court, holding State courts not free to act, vacated State court injunctions against unlawful recognition picketing and related activity where the respective plaintiff’s business affected commerce within the meaning of the Labor Management Relations Act of 1947. In the Fairlawn Meats case, the court said (p. 23): “ The conduct here restrained'— an effort by a union not representing a majority of his employees to compel an employer to agree to a union shop contract — is conduct of which the National Act has taken hold ”.
Plaintiff urges this court nevertheless has jurisdiction to grant relief on the basis of the United States Supreme Court’s decision in Teamster Union v. Vogt, Inc. (354 U. S. 284) and plaintiff cites Metzger Co. v. Fay (4 A D 2d 436 [1957]) and Atlantic-Pacific Mfg. Corp. v. Quinnonez (10 Misc 2d 1019 [1957]) as instances in which New York courts exercised jurisdiction on the authority of the Vogt case.
The Vogt case involved purely intrastate commerce. It is authority for the proposition that a State court may, consistent *1096 with the Fourteenth Amendment, enjoin peaceful picketing for a purpose in violation of the State’s declared policy. It is not authority for the proposition that a State court may act to restrain conduct of which the Labor Management Relations Act of 1947 has taken hold.
The decision in the Vogt case does not empower a State court to act where, as here, a union not representing a majority of employees peacefully pickets to compel recognition, and the employer’s activities affect interstate commerce within the meaning of the Labor Management Relations Act of 1947. In these circumstances, the United States Supreme Court’s decisions in Fairlawn Meats (supra) and Garmon (supra) clearly bar State court intercession.
In the Fay case, the court, on the authority of the Vogt ease, affirmed an injunction order against recognition picketing directed at an interstate employer which already had — with another union — a presumptively valid collective agreement covering all its employees. The decision in the Fay case, it seems to me, proceeds on an erroneous interpretation of the Vogt case — unless the existence of the collective agreement in Fay may be said to have some legal significance which escapes me. In any event, there is no such agreement here. The Quinnones case cites verbatim that portion of the Fay opinion which relies on Vogt. Interstate commerce was involved. "Whether the preemption argument was raised does not appear from the opinion in the Quinnones case. Irrespective whether it was raised, picketing there was permeated with violence. Such picketing is always subject to State court injunction whatever the character of the commerce involved. (Auto Workers v. Wisconsin Board, 351 U. S. 266, 274 [1956].)
Plaintiff’s exclusive remedy lies with the National Labor Relations Board.* For the foregoing reasons plaintiff’s motion for a temporary injunction must be denied.
Defendant Local 445’s motion to dismiss the complaint for lack of jurisdiction is granted as against all defendants, without costs.
Submit order.

 In light of plaintiff’s moving papers, it presumably ships sufficient goods out of New York to meet the direct outflow standard on which the National Labor Relations Board currently exercises jurisdiction over manufacturing enterprises.
The question whether due process is accorded by a denial of State jurisdiction when the National Labor Relations Board declines to assert jurisdiction is neither presented by, nor determined on, this application.