Thomas E. Morrissey, Jr., J.
In this action for a permanent injunction and for money damages, plaintiffs seek an injunction pendente lite restraining the defendants from picketing in front of the premises of plaintiffs and misrepresenting and creating *688 the false impression that plaintiffs have ‘ ‘ locked out ’ ’ members of its union and that its members are employees of plaintiffs and are on strike against plaintiffs. Defendants cross-move to dismiss the complaint pursuant to rule 106 of the Buies of Civil Practice on the ground that it appears on the face thereof that the court does not have jurisdiction of the subject matter.
The complaint in substance alleges that plaintiffs are interstate carriers and have a contract with another union who represents all of their employees; that another corporation having its place of business in plaintiffs’ terminal discharged its ■employees, members of defendant union, and defendants have picketed plaintiffs with the express purpose of forcing and coercing plaintiffs in recognizing defendant union and to commit an unlawful act in depriving their employees of the right to choose their own collective bargaining agents. Plaintiffs further allege that they have no relationship with the other corporation which had discharged its employees nor are any of their employees members of defendant union; that under such circumstances there is not and cannot be a labor dispute. There are no allegations that defendants have used any force or violence in their activities.
It is contended by defendants that since plaintiffs are concededly carriers of interstate commerce, the courts of this State are pre-empted of the right to entertain or try plaintiff’s action. While the court is sympathetic with plaintiffs’ plight and a different result might have been reached if plaintiffs were not engaged in interstate commerce (Goodwins, Inc., v. Hagedorn, 303 N. Y. 300), the court must under the circumstances presented herein sustain the contention advanced by the defendants.
Plaintiffs having charged defendants with unfair labor practices, the actions of defendants fall within the provisions of title 29 (§ 158, subd. [b], par. [4], els. [B], [C]) of the United States Code and under the jurisdiction of the National Labor Belations Board, no violence having been charged.
The pre-emption theory found its origin in Garner v. Teamsters Union (346 U. S. 485) where, among other things, the court held that State courts were excluded by the Labor Management Belations Act from assuming control of matters expressly placed within the jurisdiction of the National Labor Belations Board, the injunction of picketing being within its ambit. As was held in Weber v. Anheuser Busch, Inc. (348 U. S. 468, 475): “A State may not enjoin under its own labor statute conduct which has been made an ‘ unfair labor practice ’ *689 under the federal statutes.” To same effect see Youngdahl v. Rainfair, Inc. (355 U. S. 131). State courts may not enjoin the picketing of an employer engaged in interstate commerce for the purpose of coercing the employer to influence its employees to join the picketing union. This is an unfair labor practice under section 159 of title 29 of the United States Code (0similar effect see Arnold Bakers v. Straus (1 A D 2d 604, motion for leave to appeal dismissed 2 N Y 2d 721) and James Knitting Mills v. Sinensky (8 Misc 2d 603).
Accordingly, the cross motion is granted and plaintiffs’ motion is denied.