Harry B. Frank, J.
At this point, the court will now rule on the motion to dismiss the complaint for lack of jurisdiction upon which the court had heretofore reserved decision.
In view of the stipulation by counsel to the effect that the plaintiff corporation is engaged in interstate commerce and there now is a proceeding presently pending before the National Labor Relations Board, which charges are still undetermined, and in view of the documentary proof in the record concerning these charges and the concessions of counsel, and no sufficient showing having been made on this record that would require this court to invoke jurisdiction by virtue of the State police powers inherent in the court to restrain unlawful, illegal, and violent acts, the motion to dismiss is granted.
Speaking for the court after certiorari had been granted, Mr. Justice Brandéis in Myers v. Bethlehem Corp. (303 U. S. 41, 50-51) held:
‘1 The Corporation contends that, since it denies that interstate or foreign commerce is involved and claims that a hearing would subject it to irreparable damage, rights guaranteed by the Federal Constitution will be denied unless it be held that the District Court has jurisdiction to enjoin the holding of a hearing by the Board. So to hold would, as the Q-overnment insists, in effect substitute the District Court for the Board as the tribunal to hear and determine what Congress declared the Board exclusively should hear and determine in the first instance. The contention is at war with the long settled rule of judicial administration that no one is entitled to judicial relief *257 for a supposed or threatened injury until the prescribed administrative remedy has been exhausted. That rule has been repeatedly acted on in cases where, as here, the contention is made that the administrative body lacked power over the subject matter.
“ Obviously, the rule requiring exhaustion of the administrative remedy cannot be circumvented by asserting that the charge on which the complaint rests is groundless and that the mere holding of the prescribed administrative hearing would result in irreparable damage. ’ ’
This case indeed presents a stronger legalistic situation than was shown in Channel Master Corp. v. Silverman (12 Misc 2d 1094) where Mr. Justice Bookstein dismissed an employer’s complaint against the union and denied an injunction pendente lite on two bases: (a) that the exclusive remedy lies with the National Labor Relations Board, since interstate commerce was involved, as is here present; and (b) that, since there is interstate commerce involved, the pre-emption required under the Federal statute would likewise oust the State court of jurisdiction on the facts herein presented (see, also, Matter of Allen v. Kelley, 191 Misc. 762, affd. 273 App. Div. 963, appeal dismissed 302 N. Y. 601; see, also, Modern Transfer Co. v. Inland Term. Workers Union, 14 Misc 2d 687).
This determination is without prejudice to the pending proceedings in the administrative agencies and is also without prejudice to such rights as the parties may be advised.