Margaret Mary J. Mangan, J.
This is a motion by defendant, New York State Labor Relations Board (“Board”), for an order and judgment dismissing the complaint herein on the ground that the court, in the exercise of judicial discretion, should decline to entertain this action for declaratory judgment.
Plaintiff states that it is a charitable corporation within the meaning of subdivision (3) of section 715 of the Labor Law, and that it is exempt from the provisions of the New York State Labor Relations Act (“ Act ”) It seeks a judicial declaration to that effect.
*1070 The Board contends that plaintiff has not exhausted its administrative remedies before the Board; that plaintiff has a full and adequate remedy at law; and that plaintiff will suffer no irreparable injury if it is required to follow the statutory method for reviewing the Board’s findings.
On June 23, 1967, a union filed a petition with the Board, pursuant to section 705 of the Act, seeking certification as exclusive bargaining representative of plaintiff’s drivers. Plaintiff challenged the Board’s jurisdiction in the matter, asserting it is a charitable corporation, and, therefore, exempt under subdivision (3) of section 715 of the Act. Following a full and complete hearing and the filing of briefs, the Board found that plaintiff was not such a charitable corporation, issued its formal decision analyzing the evidence adduced before it and setting forth its reasons for rejecting plaintiff’s contentions and directed that an election be conducted, among the drivers.
Plaintiff was unsuccessful in court proceedings to prevent the holding of an election ordered by the Board, which was finally held. Thirteen of plaintiff’s drivers cast ballots. Six votes were in favor of representation by the union, and six against. The vote cast by one driver, who allegedly had been discharged the day before the election, was challenged by the plaintiff, and placed in a sealed envelope, where it remains.
The union has filed an unfair labor practice charge with the Board, alleging that the said driver was discharged because of his union activity, in violation of subdivisions 4 and 5 of section 704 of the Act. This matter is pending before the Board.
Thus, the ultimate determination of the majority status of the union will depend on the outcome of this latest proceeding before the Board.
Whether the Board possesses or lacks jurisdiction of the representation proceeding before it is a question which is not determinable on the face either of the Act or of the complaint herein. The presence or absence of jurisdiction depends upon the resolution of factual questions, namely, whether plaintiff is a charitable corporation within the meaning of subdivision (3) of section 715 of the Act. The matter at issue is not the legal question of whether charitable corporations are exempt from coverage of the Act, which the Board concedes, but whether or not plaintiff is in fact such a charitable corporation. That ssertion of plaintiff presents questions of fact which are disputed both by the Board and the union.
Nor may this court decide the matter solely upon the basis of the decision and direction of election rendered by the Board in the proceeding before it. That would clearly constitute an *1071 improper review of an interlocutory order of the Board, which may not be had at this time.
The Board has already held an extensive hearing on the issue. The record of that hearing will be certified to this court if a statutory judicial review is later sought under section 707 of the Act. It is not proper to allow plaintiff to have a full hearing before the Board and, after a determination is made with which it disagrees, to allow it to disregard those proceedings and the record made therein and obtain a trial de novo before the court of that identical factual question. It alters the respective statutory functions of this court and the Board. . The function of administrative agencies is to try cases and issue decisions.-
The Board is a quasi-judicial agency of the State of New York. It has the power and authority to hear and determine cases brought before it, including questions as to its jurisdiction over pending proceedings. The role of the court is to review those decisions upon the record made before the agency. This court should not sit as a labor board instead of a court of review.
There is no proper showing here that plaintiff will suffer irreparable injury upon dismissal of this action.
The orders of the. Board are not self-enforcing and no action need be taken by plaintiff until this court has enforced a final order of the Board. Participation in further hearings before the Board, if the union should be certified and an unfair labor practice proceeding filed and processed pursuant to sections 704 and 706 of the Act, does not constitute legal harm or damage (Myers v. Bethlehem Corp., 303 U. S. 41, 51; Matter of Allen v. Kelley, 191 Misc. 762, affd. 273 App. Div. 963).
That the review ultimately obtainable by plaintiff may not be immediately available does not render it inadequate. The statutory scheme established by the Legislature does not provide for review at this time. The pending proceedings before the Board Should take their regular course under the statute and plaintiff has an adequate remedy for court review under section 707 of the Act. The motion is granted.