John T. Casey, J.
In this action the plaintiff has moved for a preliminary injunction restraining the defendants from withholding operating funds from P. S. 187-M, a public school located in New York City. The action arises from a dispute between the plaintiff and defendants concerning the plaintiff’s attempts to restructure P. S. 187-M. The Chancellor of the Board of Education of the City of New York has disapproved the proposed reorganization as violating the policy of that board. Resolution of the merits of that dispute should, of course, be completed at the administrative level, prior to any judicial review.
The plaintiff claims the Chancellor of the Board of Education of the City of New York lacks the power to withhold operating funds. The defendants argue, among other things, that the plaintiff failed to exhaust his administrative remedies and has not established the requisites for issuance of a preliminary injunction.
With regard to the power to withhold operating funds, the defendants point to subdivision 1 of section 2590-1 of the Education Law. It provides in pertinent part: “ 1. If, in the judgment of the chancellor any community board fails to comply with any applicable provisions of law, by-laws, rules or regulations, directives and agreements * * * he may issue an order requiring the community board to cease its improper conduct or to take required action and consistent with the provisions of this article and the educational and operational policies of the city board, may enforce that order by the use of appropriate means, including:
“ (a) isupersession iof the community board by the chancellor or a trustee appointed by him with respect to those powers and duties of such community board deemed necessary to ensure compliance with the order ”.
The doctrine of exhaustion of administrative remedies is applicable to actions for an injunction, and may be the basis for a refusal by the court to entertain such an action. (Allstrom v. Lorenz, 198 Misc. 970.) The posture of the instant case *197 before me, however, presents a single question of law unrelated to the merits of the dispute between the parties. Specifically, the question is whether the Chancellor of the Board of Education of the City of Mew York has the power to withhold funds from a community board that has, according to the Chancellor, failed to comply with a directive.
Since a question of law only is involved, the rule of primary administrative jurisdiction is inapplicable. (Cf. Matter of Pipe & Eng. Co., 220 N. Y. S. 2d 175; Cassel v. Board of Educ., Common School Dist., 220 N. Y. S. 2d 262; Kovarsky v. Brooklyn Union Gas Co., 279 N. Y. 304.)
The Education Law does not contain any specific authorization empowering the Chancellor to withhold funds from a community board as a method of enforcing a directive. Furthermore, such power is not necessarily included within the power to suspend or supersede a prodigal board. Indeed, the legislative grant to the Chancellor of the power of suspension or supersession is indicative of a policy to continue the operation of the schools. If the Chancellor were to withhold operational funds, the school may be forced to close to the detriment of the students rather than as an appropriate punishment of a disobedient community board. The absence of a specific delegation of the power to withhold funds compels the conclusion that the Chancellor may not take such action. (Cf. Verbanic v. Nyquist, 41 A D 2d 466.)
. Finally, the Chancellor’s powers are not expanded by the use of the term “ appropriate means ” in section 2590-1: Although withholding funds may be an effective sanction, such action does not fall within the prescribed statutory powers of the Chancellor. In my view, an administrative action in excess of statutory powers is not an “ appropriate means ”.
The injunction is granted.