OPINION OF THE COURT
Robert F. Doran, J.
The issue is whether the State Labor Relations Board (hereinafter SLRB) has jurisdiction under article 20 of the Labor Law of the State of New York over a skilled nursing facility and health-related facility that is being operated by the New York State Commissioner of Health as receiver *912 through his designee pursuant to section 2810 (subd 2, par a) of the Public Health Law. The court concludes that the SLRB does have such jurisdiction.
As a backdrop to this declaratory judgment action, the following undisputed and pertinent facts are presented. On February 14, 1979, pursuant to this court’s order, Kings Harbor Health Care Center (hereinafter Center), a 360-bed skilled nursing facility; Kings Harbor Manor (hereinafter Manor), a 240-bed health-related facility; and Kings Harbor Health Pavilion (hereinafter Pavilion), a 120-bed health-related facility, were placed into a single receivership pursuant to section 2810 (subd 2, par a) of the Public Health Law. The appointed receiver is the New York State Commissioner of Health.
Pursuant to his delegatory powers, the commissioner appointed Robert M. Greenblatt, the plaintiff, to act as his designee. The receivership resulted from a revocation of the operating certificates of the prior operators and the threatened action of the Federal Government to revoke the former operators’ certification for purposes of Medicaid reimbursement.
Since the plaintiff took over on February 14, 1979, this court has had before it several orders to show cause relating to various aspects of the receivership. One of those orders involved a labor law question, and the decision was reported in Matter of Greenblatt (Ottley) (106 Misc 2d 169). In that case, this court held that an arbitration provision contained in a collective bargaining agreement between the former operators and the intervenor-defendant (hereinafter Local 144) could not be enforced against the plaintiff with respect to prereceivership disputes. The plaintiff has, however, agreed with Local 144 to be bound by the arbitration provisions as to disputes arising on and after the effective date of the receivership, i.e., February 14, 1979.
The present action arises from a petition filed by the defendant Local 240, International Brotherhood of Teamsters (hereinafter Local 240), pursuant to section 705 of the Labor Law of the State of New York. The petition seeks investigation and certification of the representatives of the *913 Manor’s employees. The petition states that a majority of the approximately 105 employees in the unit, who are nursing aides, dietary aides, kitchen workers and housecleaning employees, are represented by Local 240 and that the plaintiff refuses to recognize Local 240 until certification is secured. Hearings by the New York State Labor Relations Board were held. At those hearings, the plaintiff took the position that the SLRB has no jurisdiction to entertain the petition. The plaintiff was allowed to submit a stipulation of facts to the SLRB, and on May 1, 1981, an order was issued by the SLRB denying the plaintiff’s motion to dismiss the petition of Local 240 for lack of jurisdiction.
All parties then agreed to defer a further hearing on the matter until the court determined the question of jurisdiction in a declaratory judgment action. The matter is presently before the court on an order to show cause as to why a preliminary injunction should not issue pending the entry of final judgment in the plaintiff’s action for a declaratory judgment and a permanent injunction. Argument on the order to show cause was heard on August 19, 1981, at which time certain testimony was also given by the plaintiff.
The plaintiff has requested the court to treat the matter as one for accelerated judgment pursuant to CPLR article 32. No objection was made by the defendants to treat this matter on an accelerated judgment basis. The court concludes that it is proper and appropriate to treat this matter in such a manner. Thus, so much of the argument in the extensive briefs as to whether the necessary criteria have been met to issue a preliminary injunction is academic, and the court has not considered that argument. Local 144’s motion to intervene was agreed to by all parties, and although no one was present at the argument on August 19, 1981 for Local 144, affidavits were submitted by Local 144 in support of the plaintiff’s position and have been considered by the court in this decision.
The first issue that must be addressed is the SLRB’s and Local 240’s cross motions for judgment dismissing the complaint on the ground that the court, in the exercise of *914 its discretion under CPLR 3001, should decline to render a declaratory judgment as to the jurisdiction of the SLRB.
In 1947, the Court of Appeals held that a declaratory judgment action could lie as to the jurisdiction of the SLRB, and if the Supreme Court did exercise its jurisdiction in such an action, a reversal would result only if there was an abuse of discretion as a matter of law (New York Post Corp. v Kelley, 296 NY 178). The defendants argue that since the New York Post decision, courts have consistently declined to exercise jurisdiction and render declaratory judgments as to the jurisdiction of the SLRB in various situations (see, e.g., Allstrom v Lorenz, 198 Misc 970; Matter of Allen v Kelley, 191 Misc 762, affd 273 App Div 963; Inter-County Blood Banks v New York State Labor Relations Bd., 56 Misc 2d 1069).
The plaintiff counters with other, more recent cases in which declaratory judgments have been rendered concerning jurisdiction of the SLRB (see, e.g., Park Ave. Clinical Hosp. v Kramer, 26 AD2d 613, affd 19 NY2d 958; New York Inst. for Educ. of Blind v United Federation of Teacher’s Committee for N.Y. Inst. for Educ. of Blind, NYLJ, Jan. 3, 1980, p 5, col 3).
The court concludes that it has the power to entertain this declaratory judgment action and that under all the circumstances, it is appropriate for it to exercise its discretion to entertain this action.
On the merits, the plaintiff concedes that the employees working at the Manor are not employees of the State of New York. The plaintiff contends, nevertheless, that the State Labor Relations Act does not grant jurisdiction over the plaintiff to the SLRB, because the receivership operated by the plaintiff, including its labor relations and personnel policies, is controlled and directed by an instrumentality of the State of New York for a public purpose.
Subdivision (2) of section 715 of the New York State Labor Law states: “The provisions of this article shall not apply to * * * (2) employees of the state or of any political or civil subdivision or other agency thereof.” The receivership is being operated by a receiver whose appointment is controlled by the Public Health Law. The receiver has all *915 the powers and duties of a receiver appointed in an action to foreclose a mortgage on real property, together with certain additional powers and duties (Public Health Law, § 2810). The court cannot distinguish the situation of the plaintiff from the situations spelled out in the cases cited by the defendants wherein the heads of other State agencies were appointed receivers and the jurisdiction of the SLRB was invoked against them (see White v Boland, 254 App Div 356; Matter of Kinney, 257 App Div 496, affd 281 NY 840; Matter of New York State Labor Relations Bd. v Hudson, 37 NYS2d 304, affd 267 App Div 763, affd 293 NY 671; Matter of New York Public Lib. v New York State Public Employment Relations Bd., 45 AD2d 271, affd 37 NY2d 752).
The plaintiff attempts to distinguish these cases in several ways. The court finds the arguments of differentiation unpersuasive. For example, in New York Public Lib. (supra, p 284), the Appellate Division, First Department, stated: “[n]either the Library nor its trustees are possessed of such [governmental] powers, but merely provide a service, which although of public interest and benefit, is not the equivalent of the exercise of governmental powers”. The plaintiff states that in the instant case, however, the receivership is exercising governmental functions.
The court does not agree with the plaintiff. It makes no difference that the receiver, on his own, co-ordinates the running of the facilities with his own department and other State agencies. That fact does not convert this receivership into a governmental operation to the extent that one could conclude that the employees come within the exemption provisions of section 715 of the Labor Law, which excludes from the SLRB’s jurisdiction employees of the State or of any political or civil subdivision or other agency thereof. The employees of the Manor and the other facilities at Kings Harbor are the employees of private skilled nursing and health-related facilities which are presently being operated by a receiver who happens to be, pursuant to statutory law, the commissioner of a State agency. There is nothing sufficiently unusual about the relationship created by the Public Health Law and the receivership provi *916 sions to distinguish this situation from any of the cases cited by the defendants wherein the jurisdiction of the SLRB has been upheld.
To accept the plaintiff’s position would be to put the employees of these facilities in a “no man’s land”. The court does not believe that this result was ever intended by any of the applicable provisions of the New York State Constitution, the Public Health Law or the Labor Law. Of particular note is the fact that the receivership has extended its life far beyond that contemplated by the Legislature. Section 2810 of the Public Health Law clearly indicates that the receivership should have ended within 18 months. The receivership here has been in existence for more than 30 months. Even if one were to assume or concede that during an emergency period within the first 18 months, the SLRB had no jurisdiction, that assumption or concession surely must give way where the receivership’s life is extended far beyond that contemplated by the Legislature. Unless someone moves to end this receivership, the plaintiff would put these employees in the position of never being able to select which union they want to have represent them.
Accordingly, this court declares that the SLRB does have jurisdiction over the employees of the facilities for purposes of representational hearings and unfair labor practice matters and that the receiver must participate in those proceedings to the same extent as the former operators would have had to participate.