Eggerson FOUNTAIN, Nace Fountain and Hosea Fountain, Appellants,

v.

NEW ORLEANS PUBLIC SERVICE, INC., Appellee.

No. 24696.

United States Court of Appeals Fifth Circuit.

Dec. 19, 1967.

Charles E. McHale, Edgar K. Corey, New Orleans, La., for appellants.

Charlton B. Ogden, II, W. W. Ogden, Ogden, Woods, Henriques & Rives, New Orleans, La., for appellee.

Before COLEMAN and GOLDBERG, Circuit Judges, and HANNAY, District Judge.

HANNAY, District Judge:

This appeal is from the district court's order of dismissal for want of federal jurisdiction.

Federal jurisdiction is allegedly based upon Title 28, U.S.C.A. Section 1331. The action is by survivors for wrongful death which occurred in the United States Trade Zone in New Orleans, Louisiana. The decedent was then in the employ of a private concern and was electrocuted while assisting in loading tractors on a flatcar.

Appellant argues vigorously but unavailingly for the proposition of general federal jurisdiction in this case.

■ The creation of Foreign Trade Zones is authorized by Title 19, U.S.C.A. Section 81a et seq. The purpose of Foreign Trade Zones is to expedite and encourage foreign commerce. See the cited case of New York Foreign Trade Zone Operators v. State Liquor Authority, 285 N.Y. 272, 34 N.E.2d 316. The statute effectively permits the storage, exhibition, sale and general dealing respecting foreign commerce without subjecting same to the customs laws of the United States.

The statute authorizes the granting to corporations:

"* * * the privilege of establishing, operating, and maintaining foreign-trade zones in or adjacent to ports of entry under the jurisdiction of the United States." 19 U.S.C.A. § 81b (a)

Certain necessary regulatory powers are conferred on the federal government in the trade zones. 19 U.S.C.A. § 81c. Appellant urges that a port of entry is created by Executive order and is thereby placed under federal jurisdiction; and that New Orleans is a port of entry, citing respectively, Congressional Record, Vol. 78, part 9, pages 9855–9857 and Vol. 78, part 9, page 9856 et seq.

The question is do these and other provisions of the statute coupled with the plenary and exclusive power of the federal government to regulate interstate and foreign commerce, Article 1, Section 8, clause 3, United States Constitution, confer federal jurisdiction over this case under 28 U.S.C.A. § 1331(a) which reads:

"The district courts shall have original jurisdiction of all civil actions wherein the matter in controversy exceeds the sum or value of $10,000, exclusive of interest or costs, *and arises under the Constitution, law, or treaties of the United States.*" (Emphasis added throughout.)

■ A case arises under the Constitution or law of the United States whenever its correct decision depends upon the construction of either or when the title or rights set up by the party may be defeated or sustained by a particular construction of the Constitution or law. Gully v. First National Bank (1936) 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70; Shelby County, Tennessee v. Fairway Homes, Inc., 6 Cir., 285 F.2d 617.

■ The statute in question nowhere in terms confers jurisdiction upon U. S. District Courts. Its regulatory provisions and the regulations authorized thereunder do not touch upon the erection or maintenance of electrical devices as contrasted to that aspect of its operation involving interstate and foreign commerce. The Federal Trade Zone at the port of New Orleans is owned, operated and maintained by the Board of Commissioners of the Port of New Orleans, as are all other public wharves and facilities in the Port. See the cited Louisiana statute, to wit, L.S.A.R.S. 51:61, 51:66.

II.

■ For the proposition of plenary federal jurisdiction here Appellant relies heavily upon Stewart and Co. v. Sadrakula (1940), 309 U.S. 94, 60 S.Ct. 431, 84 L.Ed. 596 and Mater v. Holley, 5 Cir., 200 F.2d 123. Both of these cases involved the cession of property from the state to the federal sovereign. This crucial circumstance is wanting in this case.

A significant distinction again is manifest in Appellant's cited cases of During v. Valente, 267 App.Div. 383, 46 N.Y.S. 2d 385 and Idlewild Bon-Voyage Liquor Corp. v. Epstein, D.C., 212 F.Supp. 376. Both of these cases involved an attempt by the State of New York to regulate articles in foreign commerce. This purported state action clearly conflicts with and would contradict the federal government's plenary power over such commerce. The operative facts in instant case do not involve the domain of interstate or foreign commerce.

The District Court's Judgment of Dismissal for want of jurisdiction is affirmed.