JORGENSON, Judge.
Miami Free Zone appeals from an order dismissing with prejudice its complaint by which the Zone sought to establish status as a federal instrumentality entitled to immunity from ad valorem taxation upon its foreign trade zone property. We affirm.
Miami Free Zone is a private Florida corporation which owns approximately 72 acres of land in unincorporated Dade County. The creation of this zone was authorized and is regulated pursuant to the Foreign Trade Zones Act of 1934, 19 U.S.C.A. § 81a et seq. (West 1978). Foreign trade zones were created to stimulate foreign commerce and encourage use of American labor. Fountain v. New Orleans Pub. Serv., Inc., 387 F.2d 343 (5th Cir.1967). The Act permits importation of foreign goods and materials into designated foreign trade zones without initial payment of federal customs duties. The goods are then processed or finished principally by local labor or combined by local labor with domestic materials or products into finished goods. Customs duties on the finished goods become due when the goods are placed in channels of domestic commerce; finished goods destined for foreign markets are not subject to customs duties if only American labor was used before the finished products are forwarded to foreign markets. 19 U.S.C.A. § 81c (West Supp. 1988).
The property appraiser for Dade County assessed the property at $27,398,173 for 1986 and billed the Zone for 1986 ad valo-rem taxes based on that value. The Zone filed a complaint seeking recognition as a federal entity immune from state and local ad valorem taxation.[1] The county moved to dismiss the complaint. After a hearing, the trial court dismissed the Zone’s complaint with prejudice.
We agree with the trial court that the Miami free trade zone is not a federal instrumentality and thus is not immune from local taxation. The Federal Foreign Trade Zones Act, 19 U.S.C.A. § 81a, nowhere declares a free zone charter to invest its grantee with the character of a federal instrumentality. In fact, the act specifically provides that a grantee authorized to establish, operate, and maintain a foreign trade zone may be either a public or a private corporation. See 19 U.S.C.A. § 81a(d), (h) (West 1978). The Miami Free Zone is a private corporation within the meaning of 19 U.S.C.A. § 81a(f). As a private corporation, the Zone cannot be considered a federal agency or instrumentality.
The Miami Free Zone was created and is regulated by the federal government. However,
[t]oday the United States does business with a vast number of private parties. In this Court the trend has been to reject immunizing these parties from nondiscriminatory state taxes as a matter of constitutional law.
United States v. City of Detroit, 355 U.S. 466, 474, 78 S.Ct. 474, 479, 2 L.Ed.2d 424, 430 (1958).[2] Furthermore, regulation by the federal government does not transform a private enterprise into a federal instrumentality; “[t]he mere extension of control over a business by the national government does not withdraw it from a local tax which presents no obstacle to the execution of the national policy.” Federal Compress & *1009 Warehouse Co. v. McLean, 291 U.S. 17, 23, 54 S.Ct. 267, 269, 78 L.Ed. 622, 627 (1934).[3]
In United States v. Boyd, 378 U.S. 39, 84 S.Ct. 1518, 12 L.Ed.2d 713 (1964), the Supreme Court held that the federal government’s immunity from state taxation did not bar Tennessee from imposing a use tax against Union Carbide Corp. and H.F. Ferguson Co., contractors which performed work for the Atomic Energy Commission at Oak Ridge. Tennessee imposed the use tax on personal property which the contractors used to fulfill their contracts with the Atomic Energy Commission. The federal government paid for the purchases and received title to the property. Id. at 40-41, 84 S.Ct. at 1519-1520, 12 L.Ed.2d at 715-716. Even though the federal government retained the right to control, direct, and supervise operations at the Oak Ridge facility, “Carbide, as well as Ferguson, was using the government property in connection with its own commercial activities.” Id. at 45, 84 S.Ct. at 1522, 12 L.Ed.2d at 718. Furthermore, although the federal government was closely involved with the operations of the contractors, the Court could not conclude that the contractors had been “so incorporated into the government structure as to become instrumentalities of the United States and thus enjoy government immunity.” Id.
We conclude that the Miami Free Zone is subject to Dade County ad valorem taxes.
AFFIRMED.

. The United States and its property are immune from taxation by the states. McCulloch v. Maryland, 17 U.S. (4 Wheat.) 316, 4 L.Ed. 579 (1819). In McCulloch, the Supreme Court declared unconstitutional a state tax on the Bank of the United States because the tax amounted to a "tax on the operation of an instrument employed by the government of the Union to carry its powers into execution.” Id. at 436-437, 4 L.Ed. at 608-609.

. The Miami Free Zone could be immune from taxation if the contested tax placed a direct burden on the federal government or was discriminatory. Susquehanna Power Co. v. State Tax Comm’n of Maryland, 283 U.S. 291, 51 S.Ct. 434, 75 L.Ed. 1042 (1931). However, Miami Free Zone has made no such claims.

. We specifically reject Miami Free Zone’s contention that the Zone is akin to a United States customs house. The Zone is a private, for-profit corporation which simply serves to advance a goal of the federal government: promotion of trade. See Union Pacific R.R. Co. v. Peniston, 85 U.S. (18 Wall.) 5, 21 L.Ed. 787 (1873) (federal immunity from state and local property taxes does not apply to private, for-profit railroad company even when railroad company was agent of federal government).